# JANUARY TERM, 1860, AT LANSING.

———•◦•———

### Julia Beaubien and others v. Mary A. Cicotte and others.

The averments on the part of the propounder of a will should include every-
thing necessary to constitute it a valid will under the statute, so that a ver-
dict finding the truth of those averments, without more, would bring the will
within all the express requirements of the statute. He must, therefore, aver
the soundness of mind of the testator at the time of the execution of the will,
and the burden of proof is upon him to prove that fact.

But upon questions of evidence, growing out of any presumption of sanity affecting
the burden of proof in particular cases, the Court express no opinion.

*Heard December 3d, 1859. Decided January 4th.*

Case reserved from the Wayne Circuit.

Joseph A. Moross and others, claiming under an instru-
ment purporting to be the last will and testament of
Antoine Beaubien, presented the same to the Probate Court
for the county of Wayne, for probate and allowance, but
on hearing, the same was disallowed. From the order of
disallowance they appealed to the Circuit Court, and an
issue being there directed to be made up, propounded in
writing the averment that the instrument presented "was
signed by the said Antoine Beaubien, on the day when it
bears date, to wit, the 12th day of January, in the year eigh-
teen hundred and fifty - eight, as and for his last will and
testament, and was then and there attested and subscribed
in his presence by at least two competent witnesses, and
that at the time of the execution thereof the said Antoine
Beaubien was of full age."

Mich 8—B

BEAUBIEN *v.* CICOTTE.

The contestants demurred, assigning for cause that "there is no averment that at the time of the signing of the said instrument, as and for his last will and testament, the said Antoine Beaubien was of sound mind."

On the hearing upon this demurrer, the Circuit Judge reserved for the opinion of this court the question,

Is the burden upon the appellants and propounders of the will, in this case, to aver and prove that, at the time of the execution of said will, the said Antoine Beaubien was of sound mind?

*J. M. Howard,* for appellant, cited:

2 *Greenl. Ev.* §689; 1 *Ibid.* §77; *Note to Phelps v. Hartwell,* 1 *Mass.* 71; *Buckminster v. Perry,* 4 *Mass.* 593; *Brooks v. Barrett,* 7 *Pick.* 94; *Atty. Genl. v. Pranther,* 3 *Bro. Ch.* 441; *Hix v. Whittemore,* 4 *Metc.* 546; *Stewart's Ex. v. Lispenard,* 26 *Wend.* 255, 301, 303.

*S. T. Douglass,* for respondants, cited:

*Barry v. Butlin,* 1 *Curteis* 638; *Saukey v. Lilley, Ibid.* 397; *Ibid.* 350; *Baker v. Batt,* 2 *Moore,* 317; *Browning v. Budd,* 6 *Moore* 430; *Parke v. Ollatt,* 2 *Phill.* 323; *Harris v. Ingledew,* 3 *P. Wms.* 93; *Wallis v. Hodgeson,* 2 *Atk.* 56; *Crowninshield v. Crowninshield,* 2 *Gray* 524; *Baxter v. Abbott,* 7 *Gray* 71; 32 *Me.* 441; 34 *Me.* 162; 6 6 *Ga.* 324; 10 *Ibid.* 324; 14 *Ibid.* 395, *Comstock v. Hadlyme,* 8 *Conn.* 254; 13 *Ill.* .15; *Brydges v. King,* 3 *Eng. Ec. R.* 109; *Mynn v. Robinson,* 4 *Ibid.* 72, *Marsh v. Tyrrill, Ibid.* 33, 51; *Ingram v. Wyatt,* 3 *Ibid.* 167; *Berger v. Hill,* 1 *Bradf.* 360; *Weir v. Fitzgerald,* 2 *Ibid.* 42; *Ibid.* 261, *Mowry v. Silber, Ibid.* 134; *McGuire v. Keen, Ibid.* 244; *Comp. Laws,* § 2825, 2828, 2829, 2832.

CHRISTIANCY J.:

The only question properly reserved for our opinion, in this case, is that raised by the demurrer.

The averments on the part of the propounders of the will, for the purpose of forming an issue upon its validity, should, we think, include every thing necessary to constitute it a valid will under the statute, so that a verdict finding the truth of all those averments, without more, would bring the instrument within all the express requirements of the statute.

The law in case of intestacy, that is, in the absence of a will which is valid under the statute, fixes the descent and distribution of the property of deceased persons. Under certain conditions which the statute has prescribed, and in no other event, it allows the owner to control the disposition of his property after his death, by means of a will. The power to make wills, the formalities with which they shall be executed, and their efficiency, depend upon the statute.

The only persons recognized by the statute as competent to make a valid will, are persons " of full age and sound mind." Soundness of mind, then, in the testator, at the time of making the will, is one of the statute requisites to its validity.

But, it is said, the law presumes this soundness of mind till the contrary be proved : that soundness of mind is also necessary to the validity of deeds, contracts, and other writings besides wills, and yet that it is never necessary, in pleading such deeds, contracts and other writings, to aver soundness of mind in the parties executing them. This is certainly true in the case of deeds and all ordinary contracts and writings *inter vivos*, and yet soundness of mind is necessary to their validity. But in these cases the law only *implies* the necessity of the fact, without *expressly requiring* it; and where its necessity rests only upon *implication*, the presumption of sanity which the law raises without proof, is sufficient to satisfy the implication of its necessity, without *averment*.

But where the Legislature have not been satisfied to

leave the necessity of the existence of the fact to implica-tion, but have thought it necessary to require its existence by express enactment, upon what principle can a plead-ing, which sets up a right under the statute, leave the same fact to implication which the Legislature were unwil-ling to leave to the same implication? Where the stat-ute has *expressly* required the existence of the fact, the pleader, we think, must expressly aver it.

We will not say here that there can be *no presump-tion* under our statute in favor of soundness of mind in the case of a will. The case, as presented by the demur-rer, does not call for a decision upon a question as broad as this. But it is manifest from the nature of things, and from common observation and experience, that this pre-sumption is not so strong in the case of wills generally, without special reference to the facts of any particular case, as in the case of deeds and ordinary contracts. In-struments of the latter description are generally executed in the common course of business, while the parties are in full possession of their ordinary physical and mental powers. Wills, on the contrary, are much more frequently, if not in the majority of cases, executed when the testa-tor is *in extremis*, when the physical powers, at least, are greatly impaired, and the mental faculties much more likely, to be weakened or obscured.

We think the statute intended to recognize this obvi-ous difference between the two classes of cases when, in defining the persons competent to make a will, it expressly requires soundness of mind in the testator, while it is silent as to that requisite in the case of deeds and other contracts. We can see no other sufficient reason for expressly requir-ing it in the one case, and not in the other.

But all wills are not made when the testator is *in extre-mis*. They are sometimes executed long before his death, and while in full physical health. In such cases, doubtless, the reasons are just as strong for presuming soundness of

mind, as in the case of deeds or contracts.    And while we do not deny, as an abstract question, that there may be, in cases of wills, without reference to the facts of any particular case, a presumption of soundness of mind in the testator ; yet, as matter of fact, the force of the presumption must depend much upon the circumstances of each particular case as disclosed by the evidence; and when the question arises only upon a pleading like the present, which discloses none of the circumstances of the case, and is to be decided in the abstract, as a question of pleading under the statute, the presumption, if there be any, is not strong enough, we think, to dispense with the averment of the fact.

We are therefore of opinion the demurrer is well taken; but the parties propounding the will should, of course, be allowed to amend.

It follows from the view we have taken of the pleading, that the burden of proof, as to soundness of mind, rests upon the parties seeking probate of the will. This, we think, is also to be inferred from the eighteenth and nineteenth sections of chapter 92 Compiled Laws, in reference to the proof of wills by one subscribing witness only, when not contested, as well as where all the witnesses reside out of the state; in both of which cases the statute assumes the necessity of such proof.

But, beyond this, upon any particular question of evidence growing out of the presumption in question, and the burden of proof, we express no opinion, as we could only do so upon hypothetical cases, which might have no bearing upon the case as presented on the trial, and which have not been, and could not be argued in the case as now presented.

Whether, in the absence of all evidence upon the point, the subscribing witness being ignorant respecting it, and nothing appearing to throw doubt upon the sanity of the testator, the legal presumption would be sufficient to sustain the burden of proof till overcome by opposing evidence :

BEAUBIEN *v.* CIOOTTE.

Whether, if the evidence were equally balanced, this pre-sumption should turn the scale in favor of sanity, or whether there must be a preponderance of evidence in its favor inde-pendent of the presumption: Whether upon the formal proof, by the subscribing witnesses, of its execution, and the soundness of mind of the testator, the burden of proof changes to the contestants, to prove unsoundness of mind; and which party is entitled to open and close, upon the whole case, or certain branches of the case:—All these are questions upon which there is, perhaps, as painful a conflict of judicial decisions as upon any other questions to be found in the books.—See 1 *Jarm. on Wills,* (3 *Am. Ed.*) *pp.* 74, 75, and notes, where the various cases are collected; and see *Baxter v. Abbott,* 7 *Gray* 71, *and Crowninshield v. Crowninshield,* 2 *Gray* 524.

Many of these questions might depend much upon the precise nature of the issue or issues formed upon the plead-ings, and much also, upon the circumstances of each par-ticular case, as disclosed by the evidence. The attempt to lay down rules *a priori,* upon questions of so much difficulty, would be dangerous in the extreme. We therefore refrain from the intimation of any opinion upon them, until a case shall be presented which may render it necessary.

The other Justices concurred.