### *In re* OLDENBERG'S ESTATE.

#### OLDENBERG *v.* LEIBERG.

1. WITNESSES—PRIVILEGE—PHYSICIAN AND PATIENT—WAIVER.
    In a will contest, it is the right of a contesting heir, under Act No. 234, Pub. Acts 1909 (5 How. Stat. [2d Ed.] § 12826), amending 3 Comp. Laws, § 10181, to waive the rule of privilege as formerly applied to testimony of an attending physician employed by decedent; for that purpose such heir is a personal representative of the estate.

2. ·APPEAL AND ERROR — RECORD — WILLS — CONTESTANTS — HEIRS, WHO ARE.

For the purpose of determining who the contestants of a will are, and whether they were heirs at law of deceased within the meaning of Act No. 234, Pub. Acts 1909, the court may rely on the recitals of the writ of error, together with the statements of the will, in the absence of affirmative testimony on the point.

Error to Delta; Flannigan, J. Submitted April 8, 1913. (Docket No. 90.) Decided September 30, 1913.

Mary Oldenberg and others proposed for probate the will of Henry Oldenberg, deceased. Lizzie Leiberg and others contested. Proponents appealed to the circuit court from an order of the probate court disallowing the will. Judgment for proponents. Contestants bring error. Reversed.

*A. H. Ryall (T. A. Sanderson,* of counsel), for appellants.

*Cummiskey & Spencer,* for appellees.

OSTRANDER, J. In the circuit court the will of Henry Oldenberg, deceased, was allowed, reversing the decree of the probate court. The printed record does not disclose the names of the contestants or their relation to the deceased. An examination of the return to the writ of error in the clerk's office shows that the writ of error sued out by contestants names the proponents as Mary, Carl, and Paul Oldenberg, and Martha Kleist, and the contestants are Lizzie Leiberg, Fred, Charles, and Louis Wulf. In the instrument proposed for probate, Lizzie Leiberg is called a stepdaughter of deceased, and the only other legatee, John Oldenberg, is called a brother of deceased. The executor named in the will is Ira C. Jennings. It is to be inferred from the copy of the

order made upon the petition for leave to appeal, which copy is returned with the writ of error, that Mr. Jennings is special administrator of the estate. He was a witness at the trial; but his testimony does not disclose his relation to the estate. The attorney for appellants states in the brief that the contest is between Lizzie Leiberg, one of the legatees, and four other nephews and nieces residing in Wisconsin and Canada, as contestants, on one side, and three nephews and nieces residing in Germany, "who, with the widow of the remaining legatee," are seeking to have the will sustained. "One of the next of kin, a niece, is not a party to the contest." In the brief for appellees, reference is made to the foregoing statement in the brief for appellants, with the remark that it nowhere appears in the record that any such relationship exists between the deceased and contestants. We have no further information upon the subject of who is proponent of the will.

Whether the rulings of the circuit court, assigned as error, were proper or improper depends upon the interpretation to be given to 3 Comp. Laws, § 10181, as amended by Act No. 234 of Public Acts of 1909 (5 How. Stat. [2d Ed.] § 12826), which, as so amended, reads as follows:

"No person duly authorized to practice physic or surgery shall be allowed to disclose any information which he may have acquired in attending any patient, in his professional character, and which information was necessary to enable him to prescribe for such patient as a physician, or to do any act for him as a surgeon: *Provided,* that after the decease of such patient, in a contest upon the question of admitting the will of such patient to probate, the heirs at law of such patient, whether proponents or contestants of his will, shall be deemed to be personal representatives of such deceased patient for the purpose of waiving the privilege hereinbefore created."

The matter added to the section by amendment is

the proviso. The rulings complained about were made during the examination of Dr. Gross, decedent's attending physician, by the attorney for contestants; the record showing the following:

"What was he suffering from?" The answer was excluded upon the objection by proponents' counsel that it was privileged.

"Q. Did you prescribe any particular medicine or drugs to Mr. Oldenberg?

"A. Did I prescribe any particular drugs?

"Q. Or medicine for Mr. Oldenberg while you were treating him?

"A. Yes, sir.

"Q. Did you prescribe more than one drug?

"A. Yes, sir.

"*Mr. Ryall:* Merely for the purpose of following up the objection along that line, I want to ask this:

"Q. Do you know that any of these drugs or any part of those that you prescribed were given to Mr. Oldenberg?

"A. Yes, sir.

"*Mr. Cummiskey:* We object to that, for the reason that it is simply asked for the purpose of evading the statute and getting information from his doctor which is prohibited.

"*The Court:* I understand the objection, Mr. Cummiskey; but the serious question in the mind of the court is whether this line of testimony goes quite that far. On reflection, it seems to me that whatever is necessary to enable the physician to prescribe, and the prescription must be combined and excluded together, and I will strike out the answers of the doctor as to his having prescribed any drugs, and you may have an exception to this ruling, if you care for it—that the whole subject of the doctor's attendance and prescription is held to be privileged.

"*Mr. Ryall:* I want to offer to show by Dr. Gross, irrespective of any knowledge he had in the particular case, what would be the effect of uræmic poisoning.

"*The Court:* You heard what the court said on that subject before recess, and I am still of the opinion that under the circumstances of this case you should seek expert testimony from some other source.

"*Mr. Ryall:* Do I understand that the ruling goes to the full extent that no expert testimony can be adduced from this particular physician? If it is, I do not want to be embarrassing the court or anybody else by asking for it.

"*The Court:* I think the court is safe in making that ruling. You have shown no inability to procure other expert testimony.

"*Mr. Ryall:* My offers, I want it clearly understood, are simply along the line of expert testimony on the evidence which is legitimately and admittedly in the case.

"*The Court:* It ought not to be necessary for the court to keep repeating to you that the objection is made and sustained to the use as an expert of the physician who attended the patient, according to the certificate already introduced in evidence, and that you ought to call some other physician unless that situation is waived by counsel.

"*Mr. Spencer:* We do not waive it; no sir.

"*Mr. Ryall:* Note an exception.

"*The Court:* I wish to ask you, Mr. Ryall, and you may answer it, if you care to, whether or not there are other physicians in the city who are procurable?

"*Mr. Ryall:* There are other physicians here.

"*The Court:* Well and good. Call the other physicians.

"*Mr. Ryall:* Q. Between the 5th day of August and the 10th day of August, 1910, did you treat Henry Oldenberg for any other disease than mentioned in the death certificate, namely, uræmia?"

The answer was excluded.

Assuming that heirs at law of deceased are both contestants and proponents of the will—we think the recital in the writ of error warrants this assumption—may the contesting heirs, or the proposing heirs, or either or any of them, waive the statute privilege of the deceased, the patient?

Before the statute was amended, it had been held by this court that information acquired by observation while the physician was in attendance upon his patient, as well as communications made by the

patient to the physician, was excluded *(Briggs* v. *Briggs,* 20 Mich. 34), that the rule established by the statute is one of privilege, which the patient may waive *(Scripps* v. *Foster,* 41 Mich. 742 [3 N. W. 216]), and that what he may do in his lifetime those who represented him may also do for the protection of the interests they claim under him *(Fraser* v. *Jennison,* 42 Mich. 206 [3 N. W. 882]) ; but that, in a will contest between a legatee and a contesting heir at law, the heir at law is not the representative of the deceased, and is an adverse party, with no right to waive the statute privilege *(In re Mansbach's Estate,* 150 Mich. 348 [114 N. W. 65]). This being the state of the law, the legislature amended the statute in the manner hereinbefore indicated, and we hold, because we think no other ruling will give effect to all provisions of the amendment, that any heir at law, proposing or contesting the probate of a will, is, for the purpose of waiving the privilege, a personal representative of the deceased. With the wisdom of the legislation we have nothing to do, and therefore do not attempt to contrast the alleged beneficial with the harmful results which may attend the application of the statute in cases which may be supposed.

The judgment is reversed, and a new trial granted.

STEERE, C. J., and MOORE, McALVAY, BROOKE, KUHN, STONE, and BIRD, JJ., concurred.