*In re* GARDNIER'S ESTATE.

GARDNIER *v.* SMITH.

1. WILLS—TESTAMENTARY CAPACITY—BURDEN OF PROOF—PRESUMP-
TIONS—INSTRUCTIONS.

In a will contest an instruction that the contestant has
the burden of proof to show mental incapacity, as the
law presumes, in the absence of any proof at all, that a
man was not influenced in making his will, and that all
men are sane until proved insane, *held*, to be correct.

2. SAME.

Under Act No. 314, Pub. Acts 1915, chap. 17, § 58, the
contestant in a will contest has the burden of proof to
show mental incapacity of testator, as the law presumes,
in the absence of any proof at all, that a man was not
influenced in making his will, and that all men are sane
until proved insane.[1]

Error to Oakland; Smith, J.    Submitted June 21,
1917.  (Docket No. 117.)  Decided September 27, 1917.

Frank A. Gardnier presented for probate the last
will and testament of Esther J. Gardnier, deceased.
The will was allowed in the probate court, and Henry
Harvey Smith appealed to the circuit court.   Judg-
ment for proponent.   Contestant brings error.   Af-
firmed.

*Washington I. Robinson,* for appellant.

*Patterson & Patterson,* for appellee.

MOORE, J.   Esther J. Gardnier died at Rochester,
Mich., where she had lived many years, on the 14th
day of January, 1915, leaving a last will and testa-
ment, bearing date October 9, 1906, and a codicil there-

[1] On burden of proof as to testamentary capacity, see notes in
17 L. R. A. 494; 36 L. R. A. 724, 733.

to, bearing date September 12, 1913. She was the widow of Richard O. Smith who died in 1891, leaving property of the value of $24,000. Richard O. Smith died intestate, leaving the widow and one child, Henry R. Smith. The property of Richard O. Smith was equally divided between Esther J. Smith and Henry R. Smith. Two years and ten months after the death of Richard O. Smith, his widow, Esther J. Smith, was married to Frank A. Gardnier, a man a good deal younger than herself, and they lived together more than 20 years, until the death of Mrs. Gardnier. Henry R. Smith was not a success as a business man or socially. After the death of his father, his mother came to his rescue many times, and finally was appointed his guardian on the ground of his mental incompetency. He died October 2, 1906, at the age of 55 years, leaving a widow, Cynthia Smith, and a son, Henry Harvey Smith. Henry Harvey Smith, the grandson, was 29 years old in November, 1915. He lived in the village of Rochester nearly all his life. He had not seen his grandmother, to talk with her, more than four times in his life. He was divorced from his first wife, and was often in trouble, sometimes under arrest, and at one time was sentenced to the Detroit house of correction. The will of Esther J. Gardnier is dated October 9, 1906. The record shows that when Henry Harvey Smith was arrested on this charge, and while his father was still living, Esther J. Gardnier signed his bail bond. The father died October 2, 1906, and when Esther J. Gardnier was requested to sign another bail bond, after his father's death, she refused, saying that he was no grandson of hers.

Mrs. Gardnier left property, consisting of real estate aggregating, according to the appraisal, $9,500, and personal property appraised at $708.88. At the time of her death she was 81 years of age, and was in good

health until the time of her death. She had the charge and the management of her property. The will in question was executed October 9, 1906, one week after the death of Henry R. Smith, and a little more than a month after Henry Harvey Smith, the grandson, was arrested on the charge that sent him to the house of correction. The will gave to the husband, Frank A. Gardnier, a house and lot in Detroit, and all of the household goods, and one-half of all other property, real and personal, provided he survived testatrix, but, if not, then the whole of the estate was devised to Mrs. Gardnier's brother. The record shows testatrix in her own handwriting, before she signed the will, inserted after the provision for Frank A. Gardnier, the words, "his lifetime, then to my brother, John J. Anderson." She also left $5 to her grandson, Henry Harvey Smith, and $5 to the widow of her son, Henry R. Smith. The codicil, executed September 12, 1913, was made after testatrix had sold the house and lot in Detroit, and her brother had died. The codicil gave to her husband the use during his life of the house and lot and household goods, occupied by testatrix and himself as a homestead, and the use during his life of one-half of all her other property, subject to the payment of her debts and the legacies of $5 each to Cynthia Smith and Henry Harvey Smith, and the other one-half to the children of her deceased brother.

Henry Harvey Smith contested the will and codicil on three grounds:

(1) Mental incompetency.
(2) Undue influence.
(3) An insane delusion that Henry Harvey Smith was not her grandson.

The court instructed the jury there was no evidence of mental incompetency, but left the other two grounds of contest to the jury. From a verdict establishing the will and codicil, the case is brought here by appeal.

Several minor assignments of error are presented, which do not call for discussion more than to say we think the assignments of error as to them are not well taken. The important question is stated by counsel as follows:

"It is the claim of contestant that the court erred in charging the jury as follows: 'That the burden of proof to establish the two propositions that the court will submit to you for your consideration by a fair preponderance is upon the contestant. * * * The contestant has the affirmative of the issue, because the law presumes, in the absence of any proof at all, that a man was not influenced in the making of his will, and because it presumes that all men are sane until they are proven insane.'"

Counsel insists that it is well established in this State that the burden of proof is upon the proponents upon the question of mental capacity, and rests with the proponents throughout the case, quoting from *In re Mansbach's Estate,* 150 Mich. 348 (114 N. W. 65), and citing *McGinnis* v. *Kempsey,* 27 Mich. 373, *Prentis* v. *Bates,* 93 Mich. 245 (53 N. W. 153, 17 L. R. A. 494), *Beaubien* v. *Cicotte,* 8 Mich. 9, *Taff* v. *Hosmer,* 14 Mich. 309, *Aiken* v. *Weckerly,* 19 Mich. 482, *Rivard* v. *Rivard,* 109 Mich. 98 (66 N. W. 681, 63 Am. St. Rep. 566), and *In re Thayer's Estate,* 188 Mich. 269 (154 N. W. 32).

In disposing of a motion for a rehearing the trial judge said the case of *In re Mansbach's Estate, supra,* was not called to his attention, that, if it had been, he might have charged the jury differently, but that, as he gave verbatim contestant's requests to charge, the jury was not misled. He expressed himself as of the opinion that another jury would reach the same result, and denied the motion for a new trial.

It may be conceded that until recently the rule as to the burden of proof has been as stated by counsel

for contestant, but this rule was recently changed by the provisions of section 58, chapter 17, of Act No. 314 of the Public Acts of 1915 (3 Comp. Laws 1915, § 12546). The provisions of this section were construed in a carefully considered opinion written by Justice FELLOWS, which construction justifies the charge of the trial court in the instant case. The opinion of Justice FELLOWS is in the case of *Soule* v. *Henry*, 197 Mich. 473 (163 N. W. 944), and was filed July 27, 1917. This opinion is so recent, so exhaustive in its discussion, and so accessible, that we content ourselves by referring to it.

The judgment is affirmed, with costs to the proponent.

KUHN, C. J., and STONE, OSTRANDER, BIRD, STEERE, BROOKE, and FELLOWS, JJ., concurred.