GAERTNER v. STATE OF MICHIGAN

1. RECORDS—MEDICAL RECORDS—PRIVILEGE—GUARDIAN AND WARD.

The physician-patient privilege does not bar a guardian's general access to the hospital records of his mentally incompetent ward once the guardian has executed a valid consent and waiver of the privilege (MCLA §§ 600.2157, 704.2).

2. PARTIES—NECESSARY PARTIES—STATE AGENTS—OFFICIAL DUTY.

Neither the director of the Department of Mental Health nor the superintendent of the Fort Custer State Home and Train-ing · School are necessary parties in an action against the state to enjoin the state and its agents from interfering with a guardian's general access to the medical records of her men-tally incompetent ward where the records are in the pos-session of the home because the director and the superin-tendent are only agents of the state and they are bound in their official capacity by any determination that might be made, where complete relief may be had without their presence, and where the suit was not brought to compel the performance of an official duty (GCR 1963, 205.1).

3. INJUNCTION—MEDICAL RECORDS—PRIVILEGE—GUARDIAN AND WARD.

The state and its agents were properly enjoined from inter-fering with a guardian's general access to the medical records of her mentally incompetent ward where the records were in

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Witnesses § 454.
[2] 39 Am Jur, Parties §§ 23, 25, 34–36.
[3] 42 Am Jur 2d, Injunctions § 175 *et seq.*

the possession of an agent of the state and the guardian had submitted a request for the records together with a consent and waiver of the physician-patient privilege signed by the guardian.

Appeal from Wayne, Thomas J. Foley, J. Submitted Division 1 April 7, 1970, at Detroit. (Docket No. 6,910.) Decided June 23, 1970.

Complaint by Vera Gaertner as guardian of Sharon Gaertner, a mental incompetent, against the State of Michigan for an injunction to enjoin defendant from interfering with plaintiff's access to her ward's medical records. Injunction granted. Defendant appeals. Affirmed.

*Goodman, Eden, Robb, Millender, Goodman & Bedrosian (Charles J. Barr, of counsel),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Maxine Boord Virtue,* Assistant Attorney General, for defendant.

Before: J. H. GILLIS, P. J., and V. J. BRENNAN and WEIPERT,* JJ.

V. J. BRENNAN, J. This is an action to enjoin the State of Michigan and its agents from interfering with a guardian's general access to the medical records of her mentally incompetent ward. The trial court entered the injunction sought by the guardian, subject to the outcome of this appeal by the state, and we affirm.

The records in question involve the treatment of the ward as an in-patient of the Lapeer and Fort

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

Custer State Home and Training Schools between 1959 and 1968, and are presently in the possession of the latter home. In April, 1968, the guardian's attorney requested copies of the records, submitting with the request a consent and waiver of the physician-patient privilege, signed by the guardian. The officials at the Fort Custer State Home forwarded the request to the Department of Mental Health, which in turn forwarded it to the Attorney General. The Attorney General, through his assistant, advised the Department of Mental Health to deny the request. The request was denied.

The state's principal contention, both below and on appeal, is that the physician-patient privilege created by MCLA § 600.2157 (Stat Ann 1962 Rev § 27A.2157) bars a guardian's general access to the hospital records of his mentally incompetent ward. This contention is without merit.

Clearly, the purpose of the statutory privilege is to protect the confidential relationship between a physician and his patient. However, the privilege belongs not to the physician but to the patient, *Harvey* v. *Silber* (1942), 300 Mich 510, 517, and may be waived by the patient. *Storrs* v. *Scougale* (1882), 48 Mich 387, 395. Thus the only question is whether the privilege may be waived by the patient's guardian.

It has been held that those who represent a patient's interest after death may waive the statutory privilege. *Harvey* v. *Silber, supra,* at 518; *Fraser* v. *Jennison* (1879), 42 Mich 206. See *Bassil* v. *Ford Motor Co.* (1936), 278 Mich 173; *In re Oldenberg's Estate* (1913), 177 Mich 150. Moreover, the guardian of a mental incompetent enjoys a relationship with respect to the affairs of his ward similar to that of the administrator and his decedent's estate. Under the probate code, MCLA

§ 704.2 (Stat Ann 1962 Rev § 27.3178[252]), the guardian of a incompetent is included within the term "fiduciary". The statute provides:

"Every fiduciary shall stand in a position of confidence and trust with respect to his cestuis que trustent, heirs, devisees, legatees, beneficiaries or *wards,* as the case may be, and except in response to any legal process or in cases expressly required by law or in the necessary or proper administration of the estate, no facts or knowledge pertaining to their property in his hands or to their affairs shall be disclosed by the fiduciary in any manner except with the consent of the cestui, heir, devisee, legatee, beneficiary or ward: Provided, however, *That such consent may be given by the fiduciary of a minor or incompetent, in behalf of such minor or incompetent:* And provided further, however, That such restriction shall not apply in any suit or proceeding in which the fiduciary and the cestui, heir, devisee, legatee, beneficiary or ward, as the case may be, are parties adverse to each other." (Emphasis added.)

In OAG 1941–1942, No 21030, pp 327, 328 (September 3, 1941), the Attorney General advised officials of the Traverse City State Hospital that this section of the code authorizes a guardian's waiver of the physician-patient privilege:

"In our opinion, the foregoing section of the statute gives the guardian authority to waive the privilege created by the general statute. *This is a wise rule for there are often instances in which it is necessary for disclosures to be made in order to enforce certain rights to benefits due to the ward's estate. The incompetent being incapable of making such disclosures, it seems just that his guardian should be permitted to act for him.*

"Accordingly, it is our opinion that you are within your rights in granting requests for full transcripts

of the records of insane patients in your hospital if such requests are accompanied by the written permission of the guardians of the patients involved." (Emphasis added.)

We concur with this analysis. The physician-patient privilege does not bar a guardian's general access to the hospital records of his mentally incompetent ward once the guardian has executed a valid consent and waiver of the privilege.

A secondary contention of the state involves the service of process in starting this action. The summons and complaint named only the State of Michigan as a party defendant and were served on both the Attorney General, personally and his assistant as agents of the state. Neither the director of the Department of Mental Health nor the superintendent of the Fort Custer State Home and Training School was named as a party, although the Attorney General filed an appearance in behalf of both. The state contends that under GCR 1963, 205.1 both the director and the superintendent are necessary parties to this action, that under GCR 1963, 201.3(5) both must be named as parties defendant by either their official or their own name, and that service upon the Attorney General alone was therefore insufficient.

We do not agree in the first instance that the director and superintendent are necessary parties. Under GCR 1963, 205.1, a necessary party is one whose "presence in the action is essential to permit the court to render complete relief." Although only the state was named as a party here, the director and the superintendent are but agents of the state and therefore are bound in their official capacity by any determination that might be made. Complete relief may be had without their presence. And, we add in passing, we are unable to say that the

Attorney General, either personally or by his assistant, was not the person upon whom service against the state was to be made. See *Edward Thompson Co.* v. *Maynard* (1934), 269 Mich 97.

The Attorney General's reliance on GCR 1963, 201.3 is misplaced. The rule allows suit against the state or one of its units either in its own name or in the name of the officer authorized to be sued in its behalf unless the suit is brought to compel the performance by the officer of an official duty, in which case the officer must be named, at least by his official title. The instant suit was brought not to compel the performance of an official duty, but to enjoin the state and necessarily its agents from interfering with the plaintiff's right of access. It was not necessary to name the director or the superintendent as parties.

The order enjoining the state and its agents from interfering with plaintiff's right of access is affirmed.

All concurred.