MICHAEL SMITH v. JOHN F. DAVIDSON ET AL.

*The statute of limitations a bar in equity.*

Where action for the recovery of lands held under sales by execu-
tors, administrators or guardians, is barred by Comp. L., §
7137, they cannot be reached in equity.

Error to Wayne.   Submitted April 9.   Decided April 24.

BILL to set aside a deed.   Complainant appeals.

*D. B. & H. M. Duffield* for complainant.

*D. C. Holbrook* for defendants.

COOLEY, J.   Complainant files his bill as one of the
heirs-at-law of Hugh Smith, late of the county of Wayne
in this State, deceased, to set aside a conveyance of
certain real estate made under an order of the probate
court for the county of Wayne by the administrator of
the estate of said Hugh Smith for the purpose of paying
debts.   The sale was made September 28, 1867, to one
Czar Jones, and was confirmed by the probate court
two days thereafter.   Jones conveyed the land to one
Elliott in October, 1867, and Elliott to the administra-
tor in February following, and the latter. in the same
month to the defendant Davidson, who immediately went
into possession.   The sale is claimed to have been void,
*first,* because the notice of sale given by the adminis-
trator was not published for the time required by the
statute; and *second,* because the pretended purchase by
Jones was merely colorable, and was really made in his
name for the benefit of the administrator, and in order
to defraud the estate.   The good faith of the purchase
by Davidson is not assailed, but it is claimed that he
had by the record constructive notice of the defect in
the notice of sale, and sufficient notice to put him on

inquiry as regards the good faith of the purchase by Jones.

The bill was filed after Davidson had been in posses-sion for more than five years.    The statute (Comp. L., § 7137) limits the time for bringing " any action for the recovery of any lands " or for making entry thereon to five years " where the defendant claims title to the land in question, by or through some deed made upon a sale thereof by an executor, administrator, or guardian " under the order of a court of competent jurisdiction.    Had the complainant, therefore, instead of bringing suit in equity, instituted a suit in ejectment, it is clear that his remedy would have been barred.    Toll v. Wright, 37 Mich., 93. But if barred at law, it must be held barred in equity also.    The policy of the statute, which was to quiet all titles derived from such sales after five years' peaceable possession under them, cannot be evaded by the party electing one forum rather than another for litigating the rights which he disputes; but equity by analogy will apply the limitation to his case.    McLean v. Barton, Har. Ch., 279;  Jenny v. Perkins, 17 Mich., 28;  McKinney v. Miller, 19 Mich., 142.

The decree, which dismissed the bill, must be affirmed with costs.

The other Justices concurred.