MOROSS *v.* OAKMAN.

1. EQUITY—LACHES—DEMURRER—MOTION TO DISMISS.
   Question of laches may be raised by motion to dismiss as on demurrer.

2. SAME—BILL MUST STATE FACTS ENTITLING PLAINTIFF TO RELIEF.
   Bill in equity must state facts entitling plaintiff to relief.

3. SAME—EQUITY COURTS ACCEPT STATUTE OF LIMITATIONS.
   Courts of equity accept statute of limitations as fixing proper period of repose for rights in equity and apply it unless suit is peculiarly equitable in nature or compelling equities are shown.

4. SAME—LACHES—DELAY MUST BE EXCUSED.

 Where one invokes aid of equity after apparently sleeping on his rights for time equaling statutory period of limitations, he must allege facts which excuse delay and show strong equities in his favor.

5. SAME—DELAY NOT EXCUSED BY GENERAL ALLEGATION.

 In suit commenced in 1930 to set aside deeds executed in 1909 on ground of fraud, allegation in bill that plaintiff did not discover facts ''until lately'' is too general and indefinite to show absence of laches.

6. SAME—APPEAL—LEAVE TO AMEND BILL.

 On affirmance of decree dismissing bill for laches and failure to show excuse for delay, cause is remanded with leave to plaintiff to amend his bill of complaint within certain time (3 Comp. Laws 1929, § 15508).

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted January 27, 1932. (Docket No. 93, Calendar No. 35,903.) Decided March 2, 1932. Rehearing denied June 6, 1932.

Bill by Trefle A. Moross against Robert Oakman and another to set aside a deed. Bill dismissed. Plaintiff appeals. Affirmed, and remanded.

*Wm. Henry Gallagher,* for plaintiff.

*Edward N. Barnard,* for defendants.

FEAD, J. Plaintiff filed this bill October 14, 1930, to set aside a deed executed by him to Herman Nagel on November 23, 1909, and a deed from Nagel to Robert Oakman on December 27, 1909, on the ground of fraud.

No excuse for delay in bringing suit is stated in the bill except the averment that plaintiff did not have knowledge of the falsity of the representations ''until lately.'' Defendants moved to dismiss the bill as on demurrer on the ground of laches and the

failure of the bill to show excuse for the delay. The court granted the motion.

Plaintiff contends that, as laches does not depend alone on lapse of time but involves also injury to the other party through delay, the bill need not state the excuse where no injury to the other party is shown on the face of the bill.

The question of laches may be raised by demurrer. *Parkinson* v. *Parkinson*, 177 Mich. 336.

A bill in equity must state the facts entitling plaintiff to relief. In the instant case an action at law for fraud or to recover real estate would be barred by the statute of limitations. Courts of equity accept the statute as fixing a proper period of repose for rights in equity as well as at law and apply it unless the suit is peculiarly equitable in nature or compelling equities are shown. *Campau* v. *Chene*, 1 Mich. 400; *Michigan Insurance Co.* v. *Brown*, 11 Mich. 265; *Smith* v. *Davidson*, 40 Mich. 632; *Young* v. *Young*, 200 Mich. 236; 17 R. C. L. p. 735 *et seq.*; 21 C. J. p. 251; *Lockwood* v. *Beckwith*, 6 Mich. 168 (72 Am. Dec. 69).

Where one invokes the aid of equity, after apparently sleeping on his rights for a time equal to the statutory period of limitations, he must allege facts which excuse the delay and show strong equities in his favor. *Campau* v. *Chene*, *supra*; *Abbott* v. *Godfroy's Heirs*, 1 Mich. 179, 182; 1 Am. St. Rep. 788, 789, note; *Hays* v. *Port of Seattle*, 251 U. S. 233 (40 Sup. Ct. 125); *Bradfield* v. *Dewell*, 48 Mich. 9.

The allegation that plaintiff did not discover the facts "until lately" is too general and indefinite to show the absence of laches. *Hays* v. *Port of Seattle*, *supra*.

The order dismissing the bill will be affirmed, with costs; but, in accordance with 3 Comp. Laws

1929, § 15508, the cause will be remanded with leave to plaintiff to amend his bill of complaint within 15 days.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.