SWEITZER *v.* LITTLEFIELD.

1. APPEAL AND ERROR—SPECIAL APPEARANCE—MOTION FOR DELAYED APPEAL—PARTIES.
   In summary proceedings to obtain possession of land for default in payments on land contract wherein service was had by publication, the defendant who filed a motion for delayed appeal without having entered a special appearance for that purpose became a party to the proceedings and was bound by the order of the circuit court imposing a condition to granting the leave to appeal (3 Comp. Laws 1929, § 14978).

2. SAME—DELAYED APPEAL FROM CIRCUIT COURT COMMISSIONER—DISCRETION OF COURT.
   The matter of granting leave for delayed appeal from an order of a circuit court commissioner is within the sound discretion of the circuit court.

3. SAME—SUMMARY PROCEEDINGS—CONDITIONAL DELAYED APPEAL—DISCRETION OF COURT.
   In summary proceedings after judgment of ouster had been entered against defendant, the imposition of condition for

granting defendant's motion for delayed appeal that he pay
plaintiffs the amount they had paid in back taxes on the
premises since regaining possession, with interest, within 30
days, was not an abuse of the discretion lodged in the cir-
cuit court (3 Comp. Laws 1929, § 14978).

4. JUDGMENT—RES JUDICATA—APPEARANCE.
In summary proceedings in which service was had by publication,
where defendant, without entering a special appearance, moved
for delayed appeal from judgment entered against him and
failed to comply with condition imposed upon the granting of
leave therefor, defendant was bound by the judgment thereto-
fore rendered (3 Comp. Laws 1929, § 14978).

5. EQUITY—PLEADING—ADDITIONAL DEFENSES—DISCRETION OF COURT.
In suit to obtain equitable relief where defendants gave plaintiff
ample notice of intention to file further and additional answer
embracing defenses of *res judicata* and laches, the granting of
permission so to do at the time the case was brought on for
hearing was not an abuse of discretion.

6. SAME—AMENDMENT OF PLEADING.
Consideration of suit as though amendment of answer to embrace
defenses of *res judicata* and laches had been made as requested
at time case was brought on for hearing and of which plaintiff
had been given ample notice by defendants was tantamount
to a formal order permitting the amendment.

7. SAME—MOTION TO DISMISS—AMENDED ANSWER.
Upon motion to dismiss, made after an amendment of answer
raising additional defenses of *res judicata* and laches, it was
within the power of the court to consider such issues raised
by the amended answer.

8. SAME—OFFER TO DO EQUITY.
In suit whereby plaintiff sought relief from judgment entered
in summary proceedings instituted to recover possession of land
because of default in making payments due under land con-
tract, claimed to have been a mortgage, where plaintiff neither
paid nor tendered payment of amount admittedly due, bill
was properly dismissed on ground of plaintiff's failure to
tender or to do equity.

Appeal from Wayne; Spier (James E.), J., pre-
siding. Submitted January 10, 1941. (Docket No.
78, Calendar No. 41,455.) Decided April 8, 1941.

Bill by Randolph J. Sweitzer against Sherman Littlefield and Glen A. Stewart, executors under the will of Elizabeth Miller, deceased, to set aside a judgment of the circuit court commissioner for Wayne county, to cancel a deed and for other relief. Bill dismissed. Plaintiff appeals. Affirmed.

*Walter LeRoy Morrison* and *Roy A. McGinty,* for plaintiff.

*C. W. Videan,* for defendants.

North, J. Defendants are the executors of the estate of Elizabeth Miller, who died on December 10, 1937, and who was the vendor of the premises involved herein, plaintiff Sweitzer being the land contract vendee. These premises will hereinafter be described as lot No. 240.

On August 27, 1938, defendants commenced summary proceedings before a circuit court commissioner to regain possession of lot No. 240 from plaintiff, who was in default in payments due on the land contract. At that time plaintiff herein was in Florida, and service was made by publication under 3 Comp. Laws 1929, § 14978 (Stat. Ann. § 27.1989). See, also, Act No. 208, Pub. Acts 1939.* On November 10, 1938, there was a hearing before the circuit court commissioner. No appearance having been made on behalf of Mr. Sweitzer, judgment by default was taken, and the commissioner found the amount of $838.26 to be due and unpaid. Writ of restitution was issued on February 14, 1939, and the same was executed on February 20, 1939.

Plaintiff states that at the time the writ of restitution was executed he was still in Florida, and that

---

* Amending the section cited.—Reporter.

the first actual notice to him of the summary proceedings was the receipt of a letter from defendants' attorney, dated March 8, 1939, and forwarded from Detroit, which requested him to vacate said premises. Plaintiff claims that as soon as his health permitted, he returned from Florida, employed counsel, and a petition for leave to make a delayed appeal from the judgment of the circuit court commissioner was presented to the circuit court. This petition was filed on July 19, 1939, and the circuit judge, on July 24, 1939, granted leave to appeal, conditioned, however, upon plaintiff's repaying to defendants $522.37 with interest within 30 days, the stated sum being the amount paid by defendants on back taxes on the lot after they had taken possession. This condition was not fulfilled; and on September 14, 1939, plaintiff filed the instant bill, praying that the judgment of the circuit court commissioner be set aside, that the land contract be decreed to be a mortgage and subsisting lien on the premises, that a warranty deed of this lot from plaintiff to Elizabeth Miller, to which reference will subsequently be made, be cancelled, and that possession be restored to plaintiff.

Plaintiff's bill alleges: That in 1921 he accepted from Elizabeth Miller a loan of $1,450 for use in his business, said sum to be repaid in five years with interest at 6 per cent. per annum; that to secure the loan, plaintiff executed a warranty deed to lot No. 240, and that the terms of repayment were set forth in an instrument purporting to be on its face a land contract, but which was in fact a real-estate mortgage. Plaintiff further alleges that on May 20, 1932, the land contract above mentioned was surrendered, and at that time, since Elizabeth Miller did not feel secure as to the $1,450 loan, it was agreed that $1,000 of said loan be transferred to another loan secured

by other property under a similar arrangement, and that as a result of such transfer there remained due only the sum of $508, the repayment of which was secured by a new land contract involving lot No. 240. By the terms of this land contract, the money was to be repaid within three months of the date thereof.

The bill of complaint further states that a second land contract was executed on the same date, the purpose of which was to secure the $1,000 previously mentioned, that this second contract covered lots Nos. 292, 293, and 294, and that in 1934 Elizabeth Miller commenced summary proceedings to recover possession of lots Nos. 292, 293, and 294; that the proceedings were dismissed because the land contract was held in effect to be a mortgage, and shortly thereafter Elizabeth Miller filed a bill in equity asking that the land contract involving the three last-mentioned lots be decreed to be a mortgage, and that the same be foreclosed; and further that this relief was granted on March 23, 1935, the period of redemption thereafter expired, and Sweitzer was dispossessed.

It is further alleged that the proceedings before the circuit court commissioner to regain possession of lot No. 240 were irregular, and that when the motion for delayed appeal was filed as above noted, it was granted on conditions which could not be performed by plaintiff within the time limited. The claim is also made that after defendants took possession of lot No. 240 under the circuit court commissioner's judgment, they removed or caused to be torn down a building which was worth in excess of $700.

Defendants answered the bill of complaint, denying the irregularity of the proceedings before the circuit court commissioner, admitting the removal

of the building after they had gone into possession under the writ of restitution, but denying that it was worth over $700, and stating its value to be in the neighborhood of $50; and defendants disavowed sufficient knowledge to answer plaintiff's allegation that the purported land contract was in fact a mortgage, and left plaintiff to his proofs.

Defendants also filed a written motion to dismiss the bill of complaint. In support of the motion they assigned the following reasons: (1) that the bill of complaint does not make a case which warrants the intervention of the court of chancery, (2) that the plaintiff, who seeks equitable relief, does not offer to do equity, and (3) plaintiff has had an adequate remedy at law of which he neglected and refused to avail himself. This motion was heard and denied. Thereafter defendants filed a "further and additional" answer whereby the defenses of *res judicata* and laches were raised. Ample notice was given plaintiff of this proposed modification of the answer prior to the day of hearing. When the case was called for hearing in the circuit court defendants orally renewed their motion to dismiss. The court granted the motion and decree was entered accordingly. This appeal followed.

Notwithstanding appellant's contention to the contrary, we are of the opinion that the proceedings before the circuit court commissioner, which resulted in a judgment in favor of the plaintiffs in that case, were regular. Plaintiff in the instant case asserts that the instrument upon which plaintiffs proceeded before the circuit court commissioner, notwithstanding it purported to be a land contract, was in fact a mortgage. Other than this, plaintiff in the instant case has not alleged any specific defect in the proceedings before the circuit court commissioner. The commissioner had jurisdiction of the

subject matter set forth in the complaint filed in his court; and he obtained jurisdiction of the person of plaintiff herein by substituted service. At least plaintiff herein did not allege any fatal defect in service. Further, by filing a motion for a delayed appeal in those proceedings, without having entered a special appearance for that purpose, defendant in the summary proceedings became a party to that suit. Thereafter he was bound by the order of the circuit court which granted him conditional leave to appeal. Granting leave was in the sound discretion of the court and the condition imposed was not an abuse of discretion. Failure to comply with the condition imposed resulted in the defendant in the summary proceedings being bound by the judgment theretofore rendered in such proceedings.

Nor was it an abuse of discretion on the part of the trial judge inferentially to permit defendants in the instant case to file a further and additional answer at the time the case was brought on for hearing and before any testimony was taken, especially since plaintiff had been given ample notice of defendants' intentions so to do. A specific order or ruling allowing the amendment does not appear to have been made, but obviously the trial court thereafter considered the case as though the motion to amend had been granted. We consider this tantamount to a formal order permitting amendment. Further, it was within the power of the circuit court thereafter to entertain a renewal of defendants' motion to dismiss, and to consider in connection therewith the additional issues of *res judicata* and laches which were raised by the amended answer. *Lau* v. *Pontiac Commercial & Savings Bank,* 260 Mich. 73; *State Mutual Rodded Fire Ins. Co.* v. *Engel,* 269 Mich. 348; *Szostak* v. *Chevrolet Motor Co.,* 279 Mich. 603.

Aside from the foregoing, we think dismissal of the bill of complaint can be and should be sustained on the ground, as was held by the circuit judge, that plaintiff has wholly failed to tender or to do equity. In part the trial court said: "Plaintiff has failed to tender or offer to pay the amount due and secured by the land contract alleged to be an equitable mortgage * * * and has failed to offer to do equity."

As bearing upon the above-quoted statement of the circuit judge, it may be noted this record discloses, and without contradiction, that there was past due and payable from plaintiff to defendants upwards of $1,350; and we are of the opinion that the record fairly discloses the value of the property involved in the summary proceedings was less than the amount admittedly due from plaintiff to defendants. In open court before the circuit judge defendants offered to convey the premises in question to plaintiff upon payment of the amount due from him to defendants, provided plaintiff would waive any claim of liability on the part of defendants for the removal of the small building from the premises after defendants were placed in possession. The building referred to was old and decidedly of small value, apparently not to exceed $50. Plaintiff indicated no desire to work out an equitable adjustment along the lines above indicated. Neither has he made any tender of payment of the debt he owes defendants. After decree plaintiff made a motion for rehearing which was denied, but he made no offer to do equity in conjunction with this motion. Viewed as a whole, there is no equity whatever in plaintiff's case. The trial judge was fully justified in dismissing plaintiff's bill of complaint on the ground, among others, that notwithstanding he was in a court of equity he refused to do equity, and therefore was not entitled to relief. In an equity

case involving in general somewhat similar circumstances, we said:

"No actual tender is alleged or shown prior to filing this bill, nor into the court since, nor is ability to carry out the terms of the contract shown. Early in the hearing counsel for defendant stated during a discussion in open court that if plaintiff would pay the money into court they would terminate the suit right there, to which no direct reply was made. In the absence of any tender or some satisfactory assurance to the court of ability to at least promptly pay all then due and fully carry out the terms of the contract, the court was justified in the decree rendered [dismissing the bill of complaint]." *William F. Nance Realty Co.* v. *Wood-Wardowski Co.,* 242 Mich. 110, 119.

In view of the above it is not essential that we should consider here other grounds urged by defendants in justification of dismissal, among which are that the judgment rendered by the circuit court commissioner is not subject to collateral attack by a bill in equity, but instead the remedy is on the law side of the court by appeal; that the judgment in the circuit court commissioner's court was controlling and *res judicata* of the rights now asserted in this equity suit by plaintiff; and that plaintiff has been guilty of laches which bar plaintiff from right to equitable relief.

The decree entered in the circuit court is affirmed. Costs of this appeal to appellees.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, McALLISTER, WIEST, and BUTZEL, JJ., concurred.