## CHESNOW *v.* NADELL.

1. EQUITY—STATUTE OF LIMITATIONS.

Courts of equity accept the statute of limitations as fixing a proper period of repose for rights in equity as well as at law and apply it unless the suit is peculiarly equitable in nature or compelling equities are shown (CL 1948, § 609.13 *et seq*).

2. SAME—PREJUDICE—LACHES.

Mere lapse of time without a showing of prejudice will not constitute laches.

3. SAME—MOTION TO DISMISS—RES JUDICATA.

The denial of a motion to dismiss a bill of complaint, based on several grounds, without indicating the reason for such denial was not *res judicata,* as it was thereafter within the power of the circuit court to entertain a renewal of defendant's motion to dismiss.

4. APPEAL AND ERROR—LAW OF THE CASE.

An order failing to indicate reason for denial of a motion to dismiss, which motion was based on several grounds, does not constitute "the law of the case," such term being limited in its application to successive appeals.

5. SAME—EQUITY—SPECIFIC PERFORMANCE—LACHES—RES JUDICATA
—MOTION TO DISMISS.

Order dismissing bill of complaint was error, where controlling issue as to whether defendants have been prejudiced by plaintiff's delay in bringing suit for specific performance based on defendant's fraud, was not *res judicata* as result of denial of first motion to dismiss and was not presented by defendant's second motion to dismiss, or at the hearing thereon.

REFERENCES FOR POINTS IN HEADNOTES

[1] 19 Am Jur, Equity, § 500.
[2] 19 Am Jur, Equity, § 509.
[3] 30 Am Jur, Judgments, § 196.
[4] 30 Am Jur, Judgments, § 170.

Appeal from Wayne; Brennan (John V.), J. Submitted April 5, 1951. (Docket No. 41, Calendar No. 44,967.) Decided May 14, 1951.

Bill by Louis Chesnow against Simon C. Nadell and others for appointment of receiver, accounting of profits of corporation and to establish an interest in a corporation, a certain machine and formula. Bill dismissed on motion. Plaintiff appeals. Reversed and remanded.

*Thomas L. Thomson,* for plaintiff.

BUSHNELL, J. This is an appeal by plaintiff Louis Chesnow from an order dismissing, with prejudice, his bill of complaint filed on June 24, 1948.

Plaintiff sought the appointment of a receiver for defendant Lad, Inc.; an accounting of profits, a one-third interest in the corporation, and a one-half interest in a certain machine and formula "for molding, slicing and stitching meats." He also sought a sale and division of the "corporate assets," in addition to relief of the same general nature against the several individual Nadell defendants. This claim was based upon 2 written agreements dated July 28, 1941 and August 15, 1941, respectively.

On July 28, 1948, defendants' motion to dismiss was denied, and their answer was subsequently filed. This motion to dismiss was based on the grounds that the action was barred by the statute of limitations,[*] laches, election of remedy, and that the bill "shows no equitable consideration entitling plaintiff to relief." The trial judge did not indicate the reasons for denying the motion.

On February 16, 1950, another motion to dismiss was filed. Attached is an affidavit of defendants'

_____
[*] See CL 1948, § 609.13 *et seq.* (Stat Ann and Stat Ann 1949 Cum Supp § 27.605 *et seq.*).—REPORTER.

attorney which states that the former motion was
denied because a question of fact was raised by
plaintiff's attorney, "who claimed the statute was
extended because of defendant Nadell's absence from
or concealment within the State." Plaintiff, in an-
swer to this motion, asserted that the issue raised
was *res judicata* and that the order denying the
motion to dismiss constitutes "the law of the case."
He also asserted that the suit was "brought in chan-
cery for specific performance, fraud, to declare a
trust, and for a lien," and the bill does not set up a
cause of action limited by the statute to 6 years;
that the contracts were breached in 1945, and since
the fraud and breach were not discovered until 1948,
when the bill was filed, the action is not limited by
the statute. He also urged that the second motion
to dismiss was made after the case was at issue for
nearly 2 years.

At the hearing on the motion the court took testi-
mony which shows that defendant Simon C. Nadell
had lived continuously at the same address in De-
troit from the latter part of 1938 to the date of hear-
ing. In dismissing plaintiff's bill of complaint the
court filed an opinion reading as follows:

"This matter comes before the court on plaintiff's
motion 'for reconsideration of motion to dismiss,'
the particular issue for decision being, does the stat-
ute of limitations (in equity, laches), apply? The
pivotal point, according to the pleadings, centers
around the alleged unknown whereabouts of defend-
ant Simon C. Nadell. Testimony was taken on this
point.

"Plaintiff seeks specific performance of a con-
tract based on fraud. The contract was entered into
in 1941. The testimony taken shows conclusively
that the defendant's whereabouts was well known
during the entire period from 1941 up to the present

time, his home being located on Collingwood avenue in the city of Detroit.

"Specific performance of an allegedly fraudulent contract without seeking damages is somewhat of an anomaly. The contract for which plaintiff seeks specific performance was made in 1941. The court is of opinion and so finds the fact to be that the statute of limitations, in equity, laches, applies and, hence, the action is barred."

As said in *Moross* v. *Oakman,* 257 Mich 464, and quoted in *Seguin* v. *Madison,* 328 Mich 600:

"Courts of equity accept the statute as fixing a proper period of repose for rights in equity as well as at law and apply it unless the suit is peculiarly equitable in nature or compelling equities are shown."

Mere lapse of time without a showing of prejudice will not constitute laches. *Chamski* v. *Wayne County Board of Auditors,* 288 Mich 238, 252.

"Where one invokes the aid of equity, after apparently sleeping on his rights for a time equal to the statutory period of limitations, he must allege facts which excuse the delay and show strong equities in his favor." *Moross* v. *Oakman, supra.*

The denial of the first motion was not *res judicata* because "it was within the power of the circuit court thereafter to entertain a renewal of defendants' motion to dismiss." *Sweitzer* v. *Littlefield,* 297 Mich 356, 362. See, also, *Eisner* v. *Williams,* 298 Mich 215, 219.

The order entered July 28, 1948, does not constitute "the law of the case," this phrase being limited in its application to successive appeals. See 3 Am Jur, p 541 *et seq.*

The controlling question is whether defendants have been prejudiced by plaintiff's delay in bringing his suit. Certainly that question was not presented

by defendants in the second motion to dismiss, nor at the hearing thereon. Mere lapse of time does not bar plaintiff's equitable action.

The order dismissing the bill of complaint is vacated and the cause is remanded for determination of the issues raised by the pleadings. Costs to appellant.

REID, C. J., and BOYLES, NORTH, DETHMERS, BUTZEL, CARR, and SHARPE, JJ., concurred.