## GOODRICH *v.* MOORE.

1. DEATH—SUMMARY JUDGMENT—STILLBORN CHILD.
   Summary judgment for defendant in action under wrongful death act by administrator of the estate of one who was negligently injured *en ventre sa mere* and subsequently stillborn *held*, proper, since such a being is not a person within the meaning of the wrongful death act (CL 1948, § 691.581 *et seq.*; GCR 1963, 117).

2. JUDGMENT—RES JUDICATA—INTERLOCUTORY ORDER.
   An interlocutory order does not have *res judicata* effect, since it does not finally dispose of the cause (GCR 1963, 117).

3. SAME—RES JUDICATA—SUMMARY JUDGMENT—DISMISSAL WITHOUT PREJUDICE.
   Denial of a motion for summary judgment does not preclude such a judgment being granted at a later stage in the same case, or after the first action is dismissed without prejudice (GCR 1963, 117).

4. SAME—RES JUDICATA.
   A judgment of a court, to have the effect of *res judicata*, must be a decision on the merits of the controversy and must be a final disposition (GCR 1963, 117).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur, Pleading § 341.
[2] 30A Am Jur, Judgments §§ 123, 340.
[3] 41 Am Jur, Pleading § 342.
[4] 30A Am Jur, Judgments §§ 324–326, 347.
[5] 30A Am Jur, Judgments § 340.
[6] 41 Am Jur, Pleading § 342; 30A Am Jur, Judgments §§ 123, 340, 347, 351.

5. SAME—ACCELERATED JUDGMENT—DISMISSAL WITHOUT PREJUDICE
—RES JUDICATA.

> Orders made in an action are not final when the action is subsequently dismissed without prejudice by an accelerated judgment, hence no such order can have the effect of *res judicata* in a subsequent action.

6. SAME—RES JUDICATA—SUMMARY JUDGMENT—DISMISSAL—DEATH.

> Order denying a motion for summary judgment and a subsequent judgment of dismissal without prejudice *held*, not *res judicata* of the rights of a stillborn infant under the wrongful death act (CL 1948, § 691.581 *et seq.*; GCR 1963, 117).

Appeal from Ingham; Coash (Louis E.), J. Submitted Division 2 June 8, 1967, at Lansing. (Docket No. 3,047.) Decided December 4, 1967. Leave to appeal denied April 3, 1968. See 380 Mich 764.

Complaint by Stuart Goodrich, administrator of the estate of Baby Girl Goodrich, stillborn, against Henry Moore and Mary A. Moore for damages under the wrongful death act. Summary judgment for defendants. Plaintiff appeals. Affirmed.

*Stiles & Fowler,* for plaintiff.

*Fraser, Trebilcock, Davis & Foster (Eugene F. Townsend, Jr.,* of counsel), for defendants.

LESINSKI, C. J. Plaintiff appeals from a summary judgment granted on defendants' motion below.[1]

The instant case was preceded by another action between the same parties on the same claim. In the first action, the defendants filed a motion for summary judgment on the ground that a stillborn infant, who was *en ventre sa mere* at the time of the defendants' allegedly wrongful act, did not enjoy the pro-

---

[1] See GCR 1963, 117.

tection of the wrongful death act.[2]   The trial judge denied this motion.   Later, the first action was dismissed without prejudice on different grounds, unrelated to those urged in the motion for summary judgment.

Plaintiff then brought the instant action still seeking recovery under the wrongful death act.   In the instant case, plaintiff alleged that the negligent operation of a motor vehicle by the defendant, Mary A. Moore, was the proximate cause of the death of Baby Girl Goodrich who was, at the time of the accident, a six-month fetus, *en ventre sa mere.*   The vehicle driven by Mary A. Moore was owned by defendant Henry Moore.   Defendants moved for summary judgment on the same ground urged by them in the first action.

Defendants submitted as authority in support of their motion our recent opinion in *Powers* v. *City of Troy* (1966), 4 Mich App 572.   The factual situation and the issue before us here duplicate those presented to us by the *Powers Case* of a year ago.   Another review of law so recently reviewed would serve no useful purpose.[3]

The issue decided in *Powers* was that an unborn child, negligently injured by a defendant and subsequently stillborn, is not a person within the meaning of the Michigan wrongful death act, and hence

---

[2] See, currently, CLS 1961, § 600.2922, as amended by PA 1965, No 146 (Stat Ann 1965 Cum Supp § 27A.2922).

[3] We do not ignore the recent Massachusetts case presented for our consideration in plaintiff's supplemental brief.   In *Torigian* v. *Watertown News Co.* (1967), 352 Mass 446 (225 NE2d 926), the Massachusetts supreme judicial court overruled *Dietrich* v. *Inhabitants of Northampton* (1884), 138 Mass 14 (52 Am Rep 242).   In *Dietrich,* Mr. Justice Holmes, who was at that time sitting on the Massachusetts court, wrote its opinion which held that there was no right of recovery for death in an administrator in an action based on prenatal injury.   We merely note that our decision in *Powers* v. *City of Troy* (1966), 4 Mich App 572, was based on Michigan law, and that the Massachusetts decision in *Torigian, supra,* is not binding on this Court.

no cause of action could be maintained for recovery by the administratrix of the decedent's estate under said act. *Powers* controls in the instant case.

However, the plaintiff maintains that the order in the first action denying the defendants' motion for summary judgment is *res judicata* of a stillborn child's rights under the wrongful death act, thereby precluding the granting of the summary judgment appealed from in the instant case.

Plaintiff's argument is unsound. The order denying defendants' summary judgment motion in the first case was interlocutory only. It did not finally dispose of the lawsuit. It is well settled that such an interlocutory order does not have *res judicata* effect. Restatement, Judgments (1942), § 41.[4] See, also, *Cleveland* v. *City of Detroit* (1948), 322 Mich 172, 180, in which the Michigan Supreme Court rejected an argument like the one plaintiff here advances.

Moreover, the denial of a motion for summary judgment does not preclude such a judgment being granted at a later stage in the same case. *Chesnow* v. *Nadell* (1951), 330 Mich 487, 490; *Eisner* v. *Williams* (1941), 298 Mich 215, 219; *Sweitzer* v. *Littlefield* (1941), 297 Mich 356, 362. By analogy the denial of such a motion would not preclude its being granted in a subsequent action on the same claim, after the first action is dismissed without prejudice.

Finally, the accelerated judgment of dismissal was granted in the first case on procedural grounds, rather than on the merits, and without prejudice. Such a judgment does not preclude the plaintiff from

---

[4] "The rules of *res judicata* are not applicable where the judgment is not a final judgment." p 161

"Where a judgment has been given in an action but it is not a final judgment, it is not conclusive between the parties in a subsequent action whether based upon the same cause of action or upon a different cause of action." p 164

maintaining another action on the same claim. Restatement, Judgments (1942), § 49. Thus, the judgment which terminated the first case was neither a decision on the merits nor a final disposition, both of which are required for a judgment to have *res judicata* effect. Indeed, the dismissal of the first case without prejudice means that no order in the first case is final. It follows that neither the order denying the motion for summary judgment nor the judgment of dismissal without prejudice is *res judicata* of the rights of a stillborn infant under the wrongful death act.

After the dismissal of the first case without prejudice, plaintiff availed himself of the opportunity thus afforded him and began a new action. Under these circumstances, we agree with the trial court that the principle of *res judicata* has no application.

Affirmed. Costs to appellees.

QUINN and BAUM, JJ., concurred.