**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 12a0811n.06

No. 11-1604

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| RAYMOND ELDER; LANA ELDER, | ) | **FILED** |
| | ) | **Jul 27, 2012** |
| Plaintiffs-Appellants, | ) | LEONARD GREEN, Clerk |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| HARRISON, TOWNSHIP OF; ANTHONY | ) | |
| FORLINI; VIJAY PARAKH; ERIN | ) | |
| HARDCASTLE-MEHLHOSE, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

BEFORE:  ROGERS and KETHLEDGE, Circuit Judges; MARBLEY, District Judge.[*]

PER CURIAM.  Raymond and Lana Elder appeal the district court's judgment dismissing their civil rights action filed under 42 U.S.C. § 1983.  Because the district court erred in finding that res judicata barred the Elders' claims, we REVERSE and REMAND for further proceedings.

The Elders have filed multiple lawsuits arising out of their disputes with township officials during the construction of their "dream home" on the shores of Lake St. Clair in Harrison Township, Michigan.  Those disputes came to a head on August 9, 2007, when Raymond Elder and Ordinance Officer/Building Inspector Erin Hardcastle-Mehlhose had a physical altercation.  According to the Elders, Hardcastle-Mehlhose assaulted Raymond Elder and then initiated a criminal complaint falsely accusing him of committing an assault and battery on her.

---

[*]The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

The Elders' first lawsuit was a mandamus action filed on January 9, 2008, against Harrison Township and Building Official Vijay Parakh in the Macomb County Circuit Court, seeking a final inspection of their home and the issuance of a certificate of occupancy. Harrison Township subsequently conducted a final inspection of the home and issued a certificate of occupancy to the Elders. The mandamus action was dismissed without prejudice for "no progress."

Next, on August 6, 2008, the Elders filed a complaint against Harrison Township and Supervisor Anthony Forlini in the Macomb County Circuit Court, claiming defamation, defamation per se, and loss of consortium. The Elders alleged that Forlini, during an interview with Fox News, accused Raymond Elder of committing a crime with respect to the altercation with Hardcastle-Mehlhose. After filing this complaint, Raymond Elder proceeded to trial on the criminal charges arising out of the altercation and was acquitted by a jury on October 24, 2008. A month later, on November 26, 2008, the state court entered an order in the defamation case granting the defendants' motion for summary disposition on the basis of governmental immunity.

On May 14, 2009, Raymond Elder brought another lawsuit in the Macomb County Circuit Court, this one arising out of the altercation with Hardcastle-Mehlhose and his subsequent criminal prosecution. Raymond Elder's amended complaint alleged battery, malicious prosecution, and abuse of process against Hardcastle-Mehlhose and negligence and vicarious liability against Harrison Township. The defendants moved for summary disposition, asserting that Raymond Elder's claims were barred by res judicata and the compulsory joinder rule. The state court denied the defendants' motion on the basis that Raymond Elder's claims were not ripe when the defamation case was filed. By stipulation of the parties, Raymond Elder's claims against Harrison Township were dismissed

without prejudice. Raymond Elder's claims against Hardcastle-Mehlhose were stayed due to her bankruptcy petition, and the case was closed without prejudice for administrative purposes.

Thereafter, on August 9, 2010, the Elders filed the instant civil rights action against Harrison Township; Forlini and Parakh, in their individual and official capacities; and Hardcastle-Mehlhose, in her individual capacity. The Elders asserted the following claims: (1) excessive force in violation of the Fourth Amendment against Hardcastle-Mehlhose; (2) malicious prosecution in violation of the Fourth Amendment against all defendants; (3) retaliation in violation of the First Amendment against all defendants; (4) conspiracy to violate their constitutional rights against all defendants; and (5) supervisory and municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), against Harrison Township, Forlini, and Parakh. Harrison Township and Forlini filed a motion for summary judgment and to dismiss, asserting that the Elders' action was based upon the same facts and evidence presented in their 2008 defamation case and was therefore barred by the doctrine of res judicata. Parakh and Hardcastle-Mehlhose concurred in this motion. Following oral argument, the district court granted the defendants' motion, concluding that res judicata barred the Elders' claims, and entered a judgment dismissing the case. This timely appeal followed.

"We review de novo a district court's application of the doctrine of res judicata." *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009). The Full Faith and Credit Act, 28 U.S.C. § 1738, requires a federal court to "give the same preclusive effect to a state-court judgment as another court of that State would give." *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 523 (1986). Accordingly, we look to Michigan's res judicata law. *See Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006).

The district court first addressed the preclusive effect of the Macomb County Circuit Court's ruling that res judicata did not bar Raymond Elder's tort claims brought in 2009. Under Michigan law, collateral estoppel "requires that (1) a question of fact essential to the judgment was actually litigated and determined by a valid and final judgment, (2) the same parties had a full and fair opportunity to litigate the issue, and (3) there was mutuality of estoppel." *Estes v. Titus*, 751 N.W.2d 493, 500 (Mich. 2008). The state court's res judicata ruling in its order denying the defendants' motion for summary disposition was not a final decision. *See* Mich. Ct. R. 2.604(A); *see also Goodrich v. Moore*, 155 N.W.2d 247, 249 (Mich. Ct. App. 1967) (holding that an interlocutory order denying summary judgment "does not have [r]es judicata effect"). The 2009 tort case did not result in any final judgment, as Raymond Elder's claims against Harrison Township were dismissed without prejudice and his claims against Hardcastle-Mehlhose were stayed. Accordingly, the district court properly concluded that the state court's res judicata ruling was not entitled to preclusive effect.

Next, the district court addressed whether the Elders' defamation case filed in the Macomb County Circuit Court in 2008 precluded the instant federal civil rights action. Under Michigan law, the doctrine of res judicata "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v. State*, 680 N.W.2d 386, 396 (Mich. 2004). Res judicata "bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id.*

In determining that the instant action was barred by res judicata, the district court concluded that the Elders could and should have raised their constitutional claims before the state court

dismissed their defamation case. We disagree. The Elders' § 1983 claims relating to Raymond Elder's prosecution did not accrue until he was acquitted on October 24, 2008. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The Elders filed their defamation case on August 6, 2008, two months before Raymond Elder's acquittal. Relying on *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812 (6th Cir. 2010), and *Dubuc v. Green Oak Township*, 312 F.3d 736 (6th Cir. 2002), the district court held that the Elders should have supplemented their complaint in the defamation case when Raymond Elder was acquitted to include their malicious prosecution claim. The *Buck* and *Dubuc* cases are distinguishable because those cases involved factual allegations that developed during the pendency of the initial suit and were manifestations of already-existing claims. *See Buck*, 597 F.3d at 817-18; *Dubuc*, 312 F.3d at 750 ("When the alleged additional manifestation of retaliatory animus occurs before adjudication on the merits of the initial suit, however, the victim is obliged to amend his or her initial complaint to add these new allegations."). The Elders' civil rights complaint did not allege new factual allegations relating to their defamation claims, but raised new causes of action that accrued after the filing of their defamation case. *See McCoy v. Michigan*, 369 F. App'x 646, 651-52 (6th Cir. 2010); *Katt v. Dykhouse*, 983 F.2d 690, 694 (6th Cir. 1992). Because the Elders' constitutional claims, all of which are in some way connected to Raymond Elder's prosecution for assault and battery, were not yet ripe when they filed their defamation case, the district court erred in concluding that those claims were barred by res judicata.

Accordingly, we REVERSE the district court's dismissal of the Elders' civil rights action on the basis of res judicata and REMAND for further proceedings consistent with this opinion.