OPINION
McKEAGUE, Circuit Judge.
In this insurance dispute, Billy Rayfield was denied benefits for damages arising from an automobile accident. The district court granted the insurer’s motion for judgment on the pleadings based on collateral estoppel arising from a separate lawsuit in state court. For the reasons below, we AFFIRM the district court.
I
Factual Background. Billy Rayfield sustained severe injuries when he was involved in an automobile accident on July 3, 2010, in Allen Park, Michigan. Rayfield suffered brain bleeding, a broken jaw, left shoulder dislocation, seven broken ribs, a broken left knee, broken left ankle, and two fractured vertebrae in his back.
After being released from the hospital, Rayfield called his auto insurance provider, American Reliable Insurance Company *535 (“ARIC”), to obtain coverage for his medical bills. ARIC denied Rayfield coverage for his bills arising from the July 3, 2010 accident, claiming that they had not received a renewal payment and that Ray-field’s policy had lapsed on March 27, 2010. The policy renewal packet allegedly provided Rayfield with instructions on how he could renew his automobile insurance policy, including the proper address to remit his renewal premium. In addition, Orlando Morales, Vice President of underwriting and policy services at American Collectors Insurance, Inc. (“ACI”),[1] testified that ACI sent Rayfield a letter to inform him that his ARIC policy had expired. Rayfield claimed that he never received the renewal packet or the letter.
Athough ARIC did not have a record of Rayfield’s payment, Rayfield testified that he sent a money order to ARIC in April 2010 to the address located on the back of his certificate of. insurance, which was 11222 Quail Roost Drive, Miami, Florida. Rayfield does not dispute that this was not the address or entity to which he was instructed to remit payment. ARIC maintains that it never received payment of the premium to reinstate Rayfield’s insurance policy prior to the July 3, 2010 accident.
II
Procedural Background. On June 27, 2011, Rayfield filed suit against ARIC in Wayne County Circuit Court for Michigan No-Fault benefits and breach of contract (“Wayne County Case I”). The case was assigned to the Honorable John A Murphy. Rayfield and ARIC litigated Wayne County Case I through discovery, with ARIC moving for summary disposition in February of 2012 on the grounds that Ray-field could not establish a genuine issue of material fact as to whether he had renewed the auto-insurance policy. Judge Murphy denied ARIC’s motion for summary disposition “for reasons stated on the record,” although the transcript of those proceedings is not in our record. R. 5-5, PID 96. The parties never brought Wayne County Case I to trial, instead accepting a stipulated order of dismissal without prejudice to resolve a large, outstanding Medicare lien. That order tolled the statute of limitations and permitted Rayfield to refile his action on or before June 28, 2013.
Rayfield re-filed his action in state court on March 25, 2013. (“Wayne County Case II”). On June 19, 2013, ARIC removed Wayne County Case II on the basis of diversity jurisdiction. While this case was proceeding in federal court, Rayfield filed a third-party action against the at-fault driver for negligence and included a claim against ARIC for uninsured motorist coverage. (“Wayne County Case III”). Wayne County Case III was assigned to the Honorable Sheila A. Gibson. On June 30, 2014, while Wayne County Case II (now before the district court) was still pending, Judge Gibson issued an order granting ARIC’s motion for summary disposition in Wayne County Case III. She found that:
There is no genuine issue of material fact that [Rayfield’s] former insurance policy with [ARIC] was not in effect at the time of the July 3, 2010 accident due to non-payment of the renewal premium and [Rayfield] has not come forward with any evidence to support his claim that [he] paid a premium to reinstate his policy prior to the accident date other *536 than his own uncorroborated and self-serving testimony which is insufficient, as a matter of law, to create a genuine issue of material fact.
[B]ecause [Rayfield] did not have an insurance policy with [ARIC] in effect at the time of the July 3, 2010 accident, [ARIC] is entitled to summary disposition in its favor with respect to [Ray-field’s] claim for payment under the uninsured motorist portion of [Ray-field’s] former policy with ARIC.
R. 22-6, Wayne County Case III Order, PID 406 (emphasis added).
Ten days after Judge Gibson granted summary disposition in Wayne County Case III, ARIC moved to amend its answer in Wayne County Case II (before the district court) to add collateral estoppel and res judicata as affirmative defenses. At the same time, ARIC moved for judgment on the pleadings and for summary judgment. In November 2014, the district court granted the motion to amend, granted the motion for judgment on the pleadings based on ARIC’s collateral estoppel defense, and denied the motion for summary judgment as moot. R. 33, Dist. Ct. Order, PID 771. Rayfield raises two issues on appeal: (1) whether the district court properly granted ARIC leave to amend to include res judicata and collateral estoppel as affirmative defenses, and (2) whether the district court erred in granting ARIC’s motion for judgment on the pleadings.
Ill
We review the district court’s ruling on a motion for leave to amend for an abuse of discretion. Pulte Homes, Inc. v. Laborers’ Int’l Union of N. Am., 648 F.3d 296, 304 (6th Cir.2011). “Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment.” Scottsdale Ins. Co. v. Flowers, 513 F.3d 546, 554 (6th Cir.2008) (quoting Tahfs v. Proctor, 316 F.3d 584, 593 (6th Cir.2003)). “The court should freely give leave [to amend] when justice so requires.” Fed.R.Civ.P. 15(a).
Motion for Leave to Amend. ARIC sought leave to amend to include the affirmative defenses of res judicata and collateral estoppel made available after Judge Gibson granted summary disposition in Wayne County Case III, Rayfield articulates no reason why the district court should have denied ARIC’s motion to amend its pleadings beyond the bare assertion that “justice does not require the amendment of the affirmative defense of collateral estoppel because it is premature.” Rayfield Br. at 12-13. But the fact that Rayfield appealed Judge' Gibson’s order does not strip her ruling of its preclu-sive effect. See City of Troy Bldg. Inspector v. Hershberger, 27 Mich.App. 123, 127, 183 N.W.2d 430, 433 (1970) (stating that the “rule in Michigan is that a judgment pending on appeal is deemed res judica-ta”); Roskam Baking Co. v. Lanham Mach. Co., 105 F.Supp.2d 751, 755 (W.D.Mich.2000) aff'd, 288 F.3d 895 (6th Cir.2002) (“Michigan and federal courts hold that appeal of a judgment does not alter the judgment’s preclusive effect.”). ARIC’s motion, filed only ten days after the decision in Wayne County Case III, was not the result of extreme delay or bad faith. We find no abuse of discretion and affirm the district court’s decision to grant ARIC’s motion to amend.
IV
Rayfield appeals the grant of judgment on the pleadings alleging two errors by the district court: (1) the district court should not have granted ARIC’s motion for judgment on the pleadings because the motion *537 “inappropriately [sought] appellate review,” and (2) the district court erred in applying collateral estoppel. Rayfield Br. at 13,16-17.
We review de novo a judgment on the pleadings granted pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. JPMorgan Chase Bank, N.A. v. Winget, 510 F.3d 577, 581 (6th Cir.2007). “For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.” Id. (quoting So. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 479 F.2d 478, 480 (6th Cir.1973)).
Inappropriate Appellate Review. Rayfield appears to suggest that, because Judge Murphy denied ARIC’s motion for summary disposition in Wayne County Case I, and because the parties stipulated to an order of dismissal without prejudice, ARIC was somehow precluded from seeking summary disposition in Wayne County Case III and so could not rely on the grant of summary disposition in Wayne County Case III to move for dismissal before the district court. To the extent Rayfield argues that the denial of ARIC’s motion for summary disposition in Wayne County Case I has preclusive effect or that ARIC’s removal to federal court was an “attempt[ ] to use the trial court as a sort of appellate review and/or [an] attempt[ ] to get another opportunity to get the case dismissed,” he is misguided. As the district court explained:
[A]n interlocutory order denying summary judgment “does not have res judi-cata effect.” Elder v. Twp. of Harrison, 489 Fed.Appx. 934, 936 (6th Cir.2012), citing Goodrich v. Moore, 8 Mich.App. 725 [155 N.W.2d 247] (1967) (finding that a state court’s ruling was not entitled to preclusive effect when it occurred in a case that did not result in a final judgment). Moreover, dismissal without prejudice is not a final judgment. Id. (finding that “[t]he 2009 tort case did not result in any final judgment, as [plaintiffs] claims ... were dismissed without prejudice.... ”).
R. 33, Dist. Ct. Op. at 11-12, PID 767-68.
Collateral Estoppel. Rayfield’s collateral estoppel arguments also fail. The district court correctly identified the “critical, overarching dispute between the parties” to be whether Rayfield paid his renewal premium to ARIC, which would have renewed Rayfield’s insurance policy to cover the date of the accident. Rayfield has testified that he did remit payment, while ARIC maintains that it never received payment and therefore Rayfield’s coverage lapsed in March of 2010. We agree with the district court that Judge Gibson’s determination in Wayne County Case III that “[Rayfield’s] former insurance policy with American Reliable Insurance Company was not in effect at the time of the July 3, 2010 accident” collaterally estopped Rayfield from relitigating that same issue before the district court. R. 33, Dist. Ct. Op. at 10, PID 766.
Application of collateral estoppel under Michigan law requires that “(1) the issue was actually litigated and determined by a valid and final judgment, (2) the same parties had a full and fair opportunity to litigate the issue, and (3) there is mutuality of estoppel.” Wells Fargo Bank, N.A. v. Null 304 Mich.App. 508, 520, 847 N.W.2d 657, 667 (2014). We agree with the district court’s thorough analysis of these factors and its conclusion that “all elements for collateral estoppel application have been satisfied.” R. 33, Dist. Ct. Op. at 9-13, PID 765-69. Additional explanation would be duplicative and is unnecessary. Accordingly, Rayfield is “precluded from *538 re-litigating the issue of whether he paid his insurance renewal premium such that a valid insurance policy existed between the parties at the time of [his] automobile accident,” Id. at 13, PID 769, and we affirm the district court’s decision to grant ARIC’s motion for judgment on the pleadings.[2]
We write further to note, however, that “[w]here the prior judgment, or any part thereof, relied upon by a subsequent court has been reversed, the defense of collateral estoppel evaporates.” Erebia v. Chrysler Plastic Products Corp., 891 F.2d 1212, 1215 (6th Cir.1989); see also, e.g., Kosinski v. C.I.R., 541 F.3d 671, 676 (6th Cir.2008) (noting that “[a] judgment that has been vacated, reversed, or set aside on appeal is thereby deprived of all conclusive effect, both as res judicata and as collateral estoppel”). Should the Michigan Court of Appeals overturn the grant of summary disposition in Wayne County Case III, Rayfield may choose to seek relief from this judgment under Rule 60(b)(5) of the Federal Rules- of Civil Procedure: “On motion and just terms, the court may relieve a party ... from a final judgment ... [where the judgment] ... is based on an earlier judgment that has been reversed or vacated.” Fed. R. Civ. P. 60(b)(5); see, e.g., Gillispie v. Warden, London Corr. Inst., 771 F.3d 323, 327 (6th Cir.2014) (noting that Rule 60(b)(5) applies in cases where “the present judgment is based on the prior judgment in the sense of res judicata or collateral estoppel”) (quoting Klein v. United States, 880 F.2d 250, 258 n. 10 (10th Cir.1989)); Wogoman v. Abramajtys, 243 Fed.Appx. 885, 888 (6th Cir.2007); see also 11 C. Wright & A. Miller, M. Kane, Federal Practice and Procedure § 2863, at 334-35 (1973) (explaining that relief under the “based on an earlier judgment” element of 60(b)(5) “is limited to cases in which the present judgment is based on the prior judgment in the sense of claim or issue preclusion”).
V
For the reasons above, we AFFIRM the district court.

. ACI is an insurance agency that has "responsibilities with respect to [ARIC] insurance policies, including: (1) to accept notice of claims against the policies;. (2) to cancel policies with appropriate legal notice; (3) to collect or cause to be collected, premium payments for the policies.” R. 20-7, Morales Affidavit, PID 295-96.

. Rayfield’s brief invocation of the abstention doctrine articulated in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), is completely misplaced and we agree with the district court that Rayfield’s Younger claim has no merit.