**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0011n.06
Filed: January 8, 2009

**No. 08-5220**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| LIZZIE HOWARD, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| NATIONWIDE PROPERTY AND | ) | WESTERN DISTRICT OF TENNESSEE |
| CASUALTY INSURANCE CO. | ) | |
| | ) | |
| Respondent-Appellee. | | |

**BEFORE:   MARTIN and McKEAGUE, Circuit Judges; COLLIER, District Judge.**[*]

**CURTIS L. COLLIER, District Judge.**  Plaintiff-Appellant Lizzie Howard appeals from the district court's grant of summary judgment to Defendant-Appellee Nationwide Property and Casualty Insurance Company.  In her sole assignment of error, she challenges the district court's decision to strike her response to Defendant's summary judgment motion on the grounds that the response was untimely filed.  Because the district court did not abuse its discretion, we **AFFIRM**.

**I.      PROCEDURAL HISTORY**

---

[*]The Honorable Curtis L. Collier, Chief United States District Judge for the Eastern District of Tennessee, sitting by designation.

Plaintiff sued Defendant in state court for breach of contract and bad faith denial of an insurance claim. The case was removed to the United States District Court for the Western District of Tennessee based on diversity of citizenship.

Defendant moved for summary judgment on May 10, 2007, the deadline established in the district court's scheduling order. Because Plaintiff failed to respond within the time set by the local rules, the court issued an order on June 19 directing her to show cause as to why her case should not be dismissed for failure to prosecute. Plaintiff filed a response to the show cause order on July 2, 2007 and contemporaneously filed her response to the summary judgment motion. In response to the show cause order, Plaintiff's counsel stated he mistakenly failed to record the response date for the summary judgment motion on his calendar and explained he did not realize the error until receiving the court's order to show cause. Plaintiff contended the failure to respond was excusable neglect and had not prejudiced Defendant. Therefore, Plaintiff requested the district court allow Plaintiff to file her response to the summary judgment motion.

On July 12, 2007, Defendant moved to strike Plaintiff's response to the summary judgment motion, contending Plaintiff had not established excusable neglect. In the alternative, Defendant sought leave to file a reply brief, as required by the local rules. The next day, July 13, the district court granted the motion to strike. Although the district court agreed with Plaintiff that Defendant was not prejudiced by the delay, it determined there was a "significant impact on the judicial proceedings in this case" because of the fast approaching trial date and pre-trial mediation. Concluding that counsel's forgetfulness does not constitute excusable neglect, the district court struck Plaintiff's response. The district court subsequently granted summary judgment to Defendant

without considering Plaintiff's response.

## II.    DISCUSSION

On appeal, Plaintiff does not challenge the merits of the summary judgment decision, instead assigning error only to the district court's decision to strike her response to the summary judgment motion. Because Plaintiff requested an extension of the response deadline after the deadline had passed, the district court could grant the extension only if her failure to act resulted from excusable neglect. Fed. R. Civ. P. 6(b)(1)(B).

"We review a district court's determination of excusable neglect, or lack thereof, under the abuse-of-discretion standard." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Turner v. City of Taylor*, 412 F.3d 629, 649 (6th Cir. 2005)). Such abuse exists if the district court "relied on erroneous findings of fact, applied the wrong legal standard, misapplied the correct legal standard when reaching a conclusion, or made a clear error of judgment." *Id.*

The determination of excusable neglect is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Serv. Co. v. Brunswick Assocs. P'ship*, 507 U.S. 380, 395 (1993). In *Pioneer*, the Supreme Court set out five factors for courts to balance when determining the existence of excusable neglect:

(1) the danger of prejudice to the nonmoving party,

(2) the length of the delay and its potential impact on judicial proceedings,

(3) the reason for the delay,

(4) whether the delay was within the reasonable control of the moving party, and

(5) whether the late-filing party acted in good faith.

*Nafziger*, 467 F.3d at 522 (citing *Pioneer*, 507 U.S. at 395).[1] The district court considered the *Pioneer* factors and concluded they did not show excusable neglect. The court found that only the first factor weighed in favor of Plaintiff in that Defendant was not prejudiced. But the other factors weighed against Plaintiff, the district court concluded, because the delay significantly impacted judicial proceedings, was not excusable, and was entirely within Plaintiff's control.

Plaintiff's counsel's failure to place the deadline for responding on his calendar was inadvertence. The Supreme Court dealt with inadvertence in *Pioneer*, which noted that inadvertence "do[es] not usually constitute" excusable neglect. 507 U.S. at 392. But Plaintiff emphasizes the Supreme Court's pronouncement that "'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* (footnotes omitted). Thus, in *Pioneer* the Supreme Court found excusable neglect where there was no prejudice to the opposing party or efficient judicial administration, combined with good faith by counsel and his client. *Id.* at 397-98. Also significant was that the deadline in *Pioneer* was "outside the ordinary course" and the announcement of the deadline contained a "dramatic ambiguity." *Id.* at 398. Those circumstances required a finding of excusable neglect. *Id.* at 398-99.

But *Pioneer* dictates a different result in this case. The Supreme Court noted it would not

---

[1]Although *Pioneer* arose from a bankruptcy proceeding, its discussion of excusable neglect also applies to Federal Rule of Civil Procedure 6(b). *See Pioneer*, 507 U.S. at 391 (noting that the applicable bankruptcy rule was patterned after Rule 6(b)); *Nafziger*, 467 F.3d at 522 (applying the *Pioneer* factors to a Rule 6(b) excusable neglect decision).

have found an abuse of discretion if there was any evidence of, *inter alia*, prejudice to judicial administration. *Id.* In this case, the district court concluded there was a "significant impact on the judicial proceedings." The three-week delay interfered with the district court's ability to expediently resolve the summary judgment motion prior to trial and mediation. Although Plaintiff acknowledges the district court's time to consider and rule on the summary judgment motion was shortened, she contends there was still sufficient time for it to rule, and in fact the court had already received her response when it made its decision. But the time for the court to consider the motion was shortened, especially considering that the district court would have also needed to wait for Defendant's reply brief and that mediation was to take place prior to trial. Therefore, the district court's reasonable determination of how much time it needed to consider the motion was not clearly erroneous. Furthermore, Plaintiff points to no precedent requiring a court to consider a late-filed brief just because it was filed before the court issued its decision.

Plaintiff argues she should not be punished for her attorney's error, but *Pioneer* also prevents us from accepting this argument. In affirming the Sixth Circuit in *Pioneer*, the Supreme Court nevertheless took issue with this Court's analysis that it would be inappropriate to penalize clients for their attorney's omissions. 507 U.S. at 396. The Supreme Court rejected that analysis, noting that "clients must be held accountable for the acts and omissions of their attorneys." *Id.* at 396-97. *See also Nafziger*, 467 F.3d at 524; *Allen v. Murph*, 194 F.3d 722, 723 (6th Cir. 1999).

Plaintiff also points to cases involving excusable neglect under worse circumstances, *e.g.*, *Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 429 (6th Cir. 2006) (inadvertent eight-month delay in filing answer), and cases not involving excusable neglect under worse circumstances, *e.g.*, *Nifzager*,

467 F.3d at 523 (party who was 37 days late and had numerous instances of dilatory conduct accompanied by repeated warnings); *Allen*, 194 F.3d at 724 (counsel left the country in spite of a pending deadline and another attorney took no action to preserve their client's rights despite a request from the clients). In short, Plaintiff contends the inadvertence here was not so bad relative to other cases. But there is no easy line to be drawn. The district court concluded there was significant harm to the judicial administration of the case, a finding that is not clearly erroneous and which permitted the district court to conclude Plaintiff's delay did not result from excusable neglect. On review, we do not substitute our judgment for that of the district court unless "we can say with 'a definite and firm conviction' that this particular district court 'committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'" *Nafziger*, 467 F.3d at 524. Therefore, we conclude the district court did not abuse its discretion.

## III.    CONCLUSION

For the foregoing reasons, we **AFFIRM**.