RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 23a0041p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

KATHRYN RODRIGUEZ,

*Plaintiff-Appellant*,

*v.*

HIRSHBERG ACCEPTANCE CORPORATION; MODERN
FINANCIAL SERVICES CORPORATION (20-2253),

*Defendants-Appellees*.

Nos. 20-2184/2247/2253

─────────────────

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.

No. 18-cv-00240—Janet T. Neff, District Judge;
No. 20-cv-00877—Hala Y. Jarbou, Chief District Judge.

Argued:  November 1, 2022

Decided and Filed:  March 14, 2023

Before:  McKEAGUE, THAPAR, and READLER, Circuit Judges.

─────────────────

**COUNSEL**

**ARGUED:**  Curtis C. Warner, WARNER LEGAL, Corning, New York, for Appellant.
Kathleen H. Klaus, MADDIN HAUSER ROTH & HELLER, P.C., Southfield, Michigan, for
Appellees.  **ON BRIEF:**  Curtis C. Warner, WARNER LEGAL, Corning, New York, for
Appellant.  Kathleen H. Klaus, Jesse L. Roth, MADDIN HAUSER ROTH & HELLER, P.C.,
Southfield, Michigan, for Appellees.

———————————

**OPINION**

———————————

CHAD A. READLER, Circuit Judge.    District courts, it is broadly accepted, enjoy tremendous freedom in managing their caseload.  That flexibility stems in part from the fact that no two district courts are the same.  Nor do any two courts employ the same exact practices in overseeing their dockets.  Those practices can reflect more art than science, given the unique demands each court faces.  But at times, art must yield to science, so to speak.  That is the case with the Federal Rules of Civil Procedure.  As an overarching goal, the Rules seek to promote procedural uniformity across the federal courts.  As a result, the conventions those Rules set out may cede only so much to the whims of a particular district court.  Sometimes, a district court can deviate so far from the Rules that its practices amount to an abuse of discretion.

This is such a case.  The district court utilized an "administrative closure" to suspend and ultimately dismiss this suit.  That practice comes from judicial fiat, not the Federal Rules of Civil Procedure, which articulate different procedures for dispensing with a case.  In this instance, the district court's deployment of local practices is irreconcilable with the requirements set forth in the Rules.  Accordingly, we reverse the district court and remand the case for further consideration.

**I.**

Three in number, these appeals all stem from the same purported violation of the Fair Debt Collection Practices Act.  Kathryn Rodriguez filed suit against Hirshberg Acceptance, a debt collector, alleging that Hirshberg miscalculated the amount she owed on a personal debt in violation of the Act.  She likewise claimed that Hirshberg had made the same mistake for all similarly situated debtors.  The case proceeded to initial discovery.  At that point, both the parties and the district court recognized that a then-pending case in our Court, *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397 (6th Cir. 2020), would likely resolve most of the issues in this case.  So the parties jointly requested a stay.  The district court, however, chose to administratively close the case while *VanderKodde* ran its course.  The district court's

administrative closure order, entered in November 2018, instructed that within 14 days of this Court's decision in *VanderKodde*, either party could move to reopen the case, and that the motion to reopen would be granted.  The order went on to explain that it was issued "for administrative purposes only and does not constitute a decision on the merits."

*VanderKodde* was decided more than a year later, in February 2020.  951 F.3d 397. Neither party, however, moved to reopen this case within the 14-day window set out in the district court's administrative closure order.  In June, Rodriguez belatedly moved to reopen the matter.  She asked the district court to forgive her delay, explaining that counsel had mistakenly confused the court's deadline and noting the onset of the COVID-19 pandemic.  The district court denied Rodriguez's motion, leaving the case administratively closed.  According to the court's order, Rodriguez's "justification [did] not constitute 'excusable neglect' warranting [an] extension of time to reopen the case, months after the period for doing so expired.  *See* Fed. R. Civ. P. 6(b)(1)(B)."  In addition to citing Rule 6(b)(1)(B), the district court also cited *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005), a case in which our Court interpreted Rule 6(b)(1)(B).  Nowhere did the order reference Federal Rule of Civil Procedure 41(b), which allows a district court to involuntarily dismiss a case where a plaintiff fails to prosecute or otherwise violates a court order.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).  Nor did the court issue a separate judgment.  *See* Fed. R. Civ. P. 58(a).

Rodriguez filed a notice of appeal to challenge the district court's June refusal to reopen the administratively closed case.  But she did so more than 30 days after the order issued. Hirshberg moved to dismiss the appeal for lack of jurisdiction, asserting that the notice was untimely.  *See* Fed. R. App. P. 4(a).  We denied the motion.  "Because the district court did not enter a separate judgment," we held "judgment is considered entered on November 23, 2020— 150 days from the district court's June 25 order," meaning Rodriguez's appeal was timely. *Rodriguez v. Hirshberg Acceptance Corp.*, No. 20-2184, slip op. at 2 (6th Cir. Feb. 2, 2021).

Before she filed her notice of appeal, Rodriguez filed a request for clarification of the June order.  In December, the district court issued an order stating that its June order had the "effect of a final disposition of the case, and thereby constitut[ed] a final order."  As a result, Rodriguez's request that the case be reopened was, in the words of the district court, "moot,

since this case is effectively closed and terminated." Rodriguez also timely appealed the clarification order, giving her two pending appeals in this Court.

A somewhat complicated procedural picture became even more so when Rodriguez filed a new complaint (asserting identical claims to her first complaint) in Michigan state court. The filing occurred between the time the district court issued its June and December orders. Hirshberg removed this second case between the parties to the Western District of Michigan, where the first case remained administratively closed. The second case, however, was assigned to a different district court judge. The district court dismissed the second case on res judicata grounds, holding that the parties' dispute had been resolved by the first case. The June order refusing to reopen the first case, the district court concluded, was "a final adjudication on the merits" of Rodriguez's claims, thereby barring her from asserting those same claims in the second case. Rodriguez appealed the second case too, her third appeal. Once she did, she moved to consolidate her appeal with the appeals in the administrative closure case, bringing the issues to us together for resolution.

## II.

As these appeals turn on the implications of a district court's administrative closure, we begin with a few words on the practice. Administrative closures are a tool of docket management. *CitiFinancial Corp. v. Harrison*, 453 F.3d 245, 250 (5th Cir. 2006) ("[A]dministratively closing a case is merely a case-management tool used by district court judges to obtain an accurate count of active cases."). Existing outside the Federal Rules of Civil Procedure, administrative closures primarily serve as a method "to shelve pending, but dormant, cases." *Lehman v. Revolution Portfolio L.L.C.*, 166 F.3d 389, 392 (1st Cir. 1999). In effect, they amount to an "essentially ad hoc[] way in which courts remove cases from their active files without making any final adjudication." *Penn W. Assocs., Inc. v. Cohen*, 371 F.3d 118, 127 (3d Cir. 2004) (quoting *Lehman*, 166 F.3d at 392). The closing "has no effect other than to remove a case from the [district] court's active docket and permit the transfer of records associated with the case to an appropriate storage repository." *Lehman*, 166 F.3d at 392. Needless to say, an administrative closure is not tantamount to a formal dismissal of a case. *Freeman v. Pittsburgh*

*Glass Works, LLC*, 709 F.3d 240, 246 (3d Cir. 2013) ("Federal courts have long distinguished dismissals from administrative closings.").

With this understanding in mind, we turn to threshold jurisdictional matters. While there are three distinct appeals, all parties seem to contemplate the issues raised by the first and second appeal, both arising from the first case, to be synonymous, so we will treat them accordingly. Hirshberg's motion to dismiss challenged the timeliness of Rodriguez's notice of appeal. We denied the motion. But Hirshberg did not ask us to consider whether the district court's order denying the motion to reopen amounted to a final, appealable order for purposes of 28 U.S.C. § 1291. S*ee* 28 U.S.C. § 1291 (explaining that the "courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts"). That question also merits answering.

Generally speaking, § 1291 does not create appellate jurisdiction over a decision to administratively close a case in and of itself. *See Feltner v. Lamar Advert. of Tenn., Inc.*, 200 F. App'x 419, 422 (6th Cir. 2006) ("The decision to administratively close the case was simply not a final judgment entered against Plaintiff."). The closure order is better characterized as clerical, meaning it lacks the finality necessary to be an appealable order. *See Penn-Am. Ins. Co. v. Mapp*, 521 F.3d 290, 294–96 (4th Cir. 2008) (collecting cases for the proposition that an "administrative closing" order "does not independently satisfy the finality mandate of § 1291"). For that reason, the November 2018 decision administratively closing the case would not be an appealable, final order.

Rodriguez, however, appeals not from the initial administrative closure, but rather from the district court's June 2020 order refusing to reopen the case once it was closed. And that reality changes our § 1291 analysis. A case is "deemed to be final" under § 1291 when "a district court disassociates itself from a case." *Leftridge v. Conn. State Trooper Officer No. 1283*, 640 F.3d 62, 66 (2d Cir. 2011) (quoting *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995)); *see also Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 408 (2015) (reiterating disassociation standard); *Southard v. Newcomb Oil Co.*, No. 19-5187, 2019 WL 8111958, at *3 (6th Cir. Nov. 12, 2019) (per curiam) (same). While "[o]rders administratively closing a case normally are not final," in that they do not disassociate the district court from the case, the "denial of a motion to reopen" customarily does have that effect. David G. Knibb, *What are the*

*tests of finality?*, Fed. Ct. App. Manual § 2:3 (7th ed.); *see also Leftridge*, 640 F.3d at 66–67 (holding that the district court's denial of a motion to reopen an administratively closed case created an appealable, "final decision within the meaning of § 1291"). That is so because "the district court intended the [June order] to represent the final decision in the case," *Bankers Tr. Co. v. Mallis*, 435 U.S. 381, 385 n.6 (1978), leaving nothing more to be done except enter judgment. *Leftridge*, 640 F.3d at 66 (citing *Catlin v. United States*, 324 U.S. 229, 233 (1945)). Here, the district court's June 2020 order denying the motion to reopen sufficiently disassociated the district court from the case to create finality for purposes of § 1291. Removing all doubt on this point, the district court, in its December 2020 clarification, described the June order as having "effectively closed and terminated" Rodriguez's case.

Hirshberg has a different view. In response to our request for supplemental briefing, Hirshberg maintained that the administrative closure order "matured" into a final judgment when Rodriguez missed the original 14-day deadline for moving to reopen the case. But that order, recall, was "for administrative purposes only and [did] not constitute a decision on the merits." Meaning it was not the district court's final word on the matter. And, in any event, Hirshberg's authority for the point, *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994), bears little resemblance to today's case. In *Morris*, the district court administratively closed the case after settlement was reached. *Id.* at 1108–09. The district court noted that the case would be "dismissed with prejudice" in 60 days if the parties did not otherwise move the court. *Id.* at 1108 n.1. Indeed, the plaintiff filed a "Dismissal with Prejudice." *Id.* at 1109. Years later, when a dispute in settlement enforcement arose, one of the parties attempted to appeal the dismissal. *Id.* at 1108. The Tenth Circuit reasoned that the explicit contemplation of dismissal, in addition to the filing captioned "Dismissal with Prejudice," was enough to terminate the case. *Id.* at 1110–11. No party here, however, filed a dismissal with prejudice, nor did the district court's closure order contemplate dismissal, meaning the case did not became appealable until the district court denied Rodriguez's motion to reopen. She perfected her appeal by filing a timely notice of appeal. *Rodriguez v. Hirshberg Acceptance Corp.*, No. 20-2184, slip op. at 2 (6th Cir. Feb. 2, 2021).

**III.**

With Rodriguez having properly secured jurisdiction in our Court, we turn to her main contention on appeal: that the district court erred by refusing to reopen the administratively closed case. As the parties acknowledge, we review the district court's denial of Rodriguez's motion for an abuse of discretion. *Cf. Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (discussing dismissals for failure to prosecute). From that vantage point, we will reverse only if the district court relied on a clearly erroneous finding of fact, improperly applied the law, or used an erroneous legal standard. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008).

**1.** The district court cited Rule 6(b)(1)(B) as authority for not re-opening Rodriguez's case. What does that Rule entail? In a nutshell, Rule 6(b)(1)(B) is a means for extending a missed deadline once an action has been commenced. *See Howard v. Nationwide Prop. & Cas. Ins. Co.*, 306 F. App'x 265, 266–68 (6th Cir. 2009) (discussing our Court's Rule 6(b) caselaw). When an action must be done within a specified time, the Rule explains, a district court may, for good cause, extend time "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Whether excusable neglect exists, and whether a deadline should be extended, are decisions left to the discretion of the district court. *Howard*, 306 F. App'x at 266 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Authority to extend a deadline, however, should not be confused with authority to dismiss the action altogether. To be sure, failing to meet a court's deadline—original, extended, or otherwise—will likely have consequences for the dilatory party. But if the contemplated consequence is dismissing the party's case, the district court must invoke authority other than Rule 6(b)(1)(B). There is no shortage of rules for doing so, chief among them, Rules 12, 41, and 56. But nothing in Rule 6 indicates that it is designed for dispensing with actions. *Cf. FDIC v. Enventure V*, 77 F.3d 123, 125–26 (5th Cir. 1996) ("Rule 6(a) is a general statutory rule concerning the computation of time. 'A general statutory rule usually does not govern if a more specific rule covers the case.'") (citation omitted). Nor are we aware of precedent suggesting as much. *See, e.g.*, *Turner*, 412 F.3d at 652–53 (affirming a district court's refusal to extend a

deadline under Rule 6(b), then dismissing the case using another Rule of Civil Procedure); *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 516 (6th Cir. 2006) (same); *Howard*, 306 F. App'x at 266 (same).  Simply put, Rule 6 does not envision a district court disposing of a case simply by choosing not to reopen an administratively closed case.  Yet that was the lone rule the district court relied on in effectively dismissing Rodriguez's action.   By elevating Rule 6(b)(1)(B) to serve as a means for terminating a case, the district court abused its discretion.

Hirshberg says this outcome is inconsistent with two of our prior cases.  In one, *Turner*, we affirmed a grant of summary judgment under Rule 56; in the other, *Nafziger*, we affirmed a Rule 12(b)(5) dismissal.  *Turner*, 412 F.3d at 652–53; *Nafziger*, 467 F.3d at 516.  Neither case stands for the proposition that the district court can rely on Rule 6(b)(1)(B) exclusively to dispose of an action.

As an appellate court, we understandably "sympathize with district courts who manage busy dockets," and we remain "cognizant of the deference that we owe them in that management."  *Cowley v. Prudential Sec., Inc.*, No. 21-1635, 2022 WL 2160671, at *2 (6th Cir. June 15, 2022).  We likewise do not fault the district court for being unhappy with Rodriguez's seemingly dilatory conduct.  But if the district court believed the proper remedy was to dismiss Rodriguez's action, it had to employ another procedural tool to do so.

**2.**  A straightforward approach would have been to turn to Federal Rule of Civil Procedure 41.  Rule 41(b) affords a district court a means for disposing of a case where a missed deadline should be deemed dispositive.  Fed. R. Civ. P. 41(b).  If the district court believed dismissal of Rodriguez's case was the proper course, it should have reopened her administratively closed case, and, upon doing so, applied Rule 41(b), avoiding the § 1291 finality and preclusion questions that ultimately ensued.  *See Leftridge*, 640 F.3d at 67–68 (rejecting the argument that the refusal to reopen was "essentially" a dismissal under Rule 41(b) for want of prosecution where the district court failed to conduct "the analysis that would have been required" for a dismissal under Rule 41(b)).  *Cowley* demonstrates the point.  2022 WL 2160671, at *2.  When the plaintiff there moved slowly to find local counsel, the district court dismissed the case without prejudice for want of prosecution.  *Id.* at *1.  Recognizing the "inherent power [of district courts] to police their dockets," we nonetheless reversed the district court due to that

court's failure to fully apply Rule 41(b) in deciding whether dismissal was appropriate. *Id.* at *2 (citing *Link*, 370 U.S. at 629–30). Here, as there, we "send this case back to the district court for it to reconsider its order with some guidance." *Id.*

Should it opt to proceed in that fashion, the district court will be guided by our familiar four-part test for assessing whether to dismiss a case with prejudice under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. . . ." *T.W. Wang, Inc.*, 420 F.3d at 643 (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). The second factor, prejudice to Hirshberg, bears discussion, as it was discussed by the district court, albeit in the Rule 6(b) context. Assessing prejudice for purposes of Rule 41(b) requires the district court to look to the "waste[d] time, money, and effort in pursuit of cooperation which [the non-dilatory party] was legally obligated to provide." *Id.* at 644 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). Before the district court, Hirshberg asserted that it would be "greatly prejudiced" if Rodriguez's tardy motion to reopen was granted because it had "closed its file on the case." Hirshberg, however, did not include any evidence demonstrating the resources wasted in opposing Rodriguez's June motion. And in siding with Hirshberg, the district court seemingly accepted Hirshberg's assertions, without pointing to any other evidence of prejudice. On remand, the district court should weigh the "waste[d] time, money, and effort" to Hirshberg to the extent it considers whether to dismiss the action in accordance with Rule 41(b). *Cowley*, 2022 WL 2160671, at *2 (quoting *Harmon*, 110 F.3d at 368).

**IV.**

That leaves the second case, where the district court held that Rodriguez's complaint was barred by res judicata. In reaching that conclusion, the district court pointed to the "final disposition" of the first case, where Rodriguez's motion to reopen was denied and the case effectively dismissed. But we have now vacated the order terminating the first case. As a result, any preclusive effect of the first decision has "evaporate[d]." *See Rayfield v. Am. Reliable Ins. Co.*, 641 F. App'x 533, 538 (6th Cir. 2016) (quoting *Erebia v. Chrysler Plastic Prods.*

*Corp.*, 891 F.2d 1212, 1215 (6th Cir. 1989)); *Kosinski v. Comm'r*, 541 F.3d 671, 676–77 (6th Cir. 2008) (quoting *Erebia*, 891 F.2d at 1215) ("[A] judgment that has been vacated, reversed, or set aside on appeal is thereby deprived of all conclusive effect, both as res judicata and as collateral estoppel."). It follows that we must also vacate the subsequent finding of res judicata in the second case. In effect, that leaves Rodriguez seemingly with the same case pending before two different district court judges in the Western District of Michigan. We leave it to those able jurists to sort out how the cases should proceed on remand.

*        *        *        *        *

We reverse the order denying the motion to reopen, vacate the res judicata order, and remand for proceedings in accordance with this opinion.